JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email: jkatz@pinnaclelawgroup.com
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Chapter 7 Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>PICONGEN WIRELESS INC.,<br><br>Debtor. | Case No. 12-48131 RLE 7<br><br>Chapter 7<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF ESTATE'S INTEREST IN SUBSTANTIALLY ALL ASSETS OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF CERTAIN CLAIMS OF LIEN AND OTHER INTERESTS<br><br>Date: January 9, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 201<br><br>The Honorable Roger L. Efremsky, United States Bankruptcy Judge |

TO: THE DEBTOR; THE UNITED STATES TRUSTEE; ALL CREDITORS; OTHER INTERESTED PERSONS; THE FOLLOWING DESCRIBED ALLEGED LIEN OR OTHER INTEREST HOLDERS; AND TO THEIR RESPECTIVE ATTORNEYS, IF ANY:

| | | |
|---|---|---|
| **Robert O. Groover III**<br>**Groover & Associates PLLC**<br>**Box 293748**<br>**Lewisville, TX 75029**<br><br>**Robert O. Groover III**<br>**Glast, Phillips & Murphy, P.C.**<br>**14801 Quorum Drive, Suite 500**<br>**Dallas, TX 75254-1449** | **Dale Kluesing**<br>**2275 Springwood Drive**<br>**Auburn, AL 36830** | **Averett Family Trust**<br>**c/o Ruth Donohue**<br>**805 General Cornwallis Drive**<br>**West Chester, PA 19382** |

1871.107     1     Memo of Points and Authorities re: Sale of Property

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Case: 12-48131   Doc# 15-1   Filed: 11/30/12   Entered: 11/30/12 08:54:41   Page 1 of 8

Paul J. Mansdorf, Trustee (the "Trustee") moves for an order authorizing him to sell substantially all of the assets of the bankruptcy estate to xStream Wireless Works, Inc. or nominee, for $60,000 plus all fees advanced by xStream Wireless Works to preserve the intellectual property, estimated to be approximately $14,000. The assets include all intellectual property, including patent or patent application numbers 20090100495, 20090002556, 20090009662, 20090074051, and 20090006882; all claims or causes of action relating to the intellectual property; all personal tangible property including inventory and equipment; and all notes and rights to payment payable by Sai Manapragada (the "Assets"). The Assets do not include cash on hand, accounts receivable or notes (other than from Mr. Manapragada), tax refunds, and avoidance actions. As further consideration, the Petitioning Creditors Ronald W. Moeckel, Ankit Sahu, Max Lightfoot, and Sai Manapragada waive any claims or rights to payment from the bankruptcy estate (according to the involuntary petition, their combined claims exceed $1.7 million). The sale of the Assets will be free and clear of the asserted liens or claims of interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust, because they are all in bona fide dispute. The asserted liens or claims of interest will attach to the proceeds of sale to the same extent, validity, and priority (if any) that they attached to the Assets.

## **RELIEF REQUESTED**

The Trustee seeks an order authorizing him to sell the estate's interest in the Assets as described above, free and clear of the asserted liens or claims of interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust because they are all in bona fide dispute. The asserted liens or claims of interest will attach to the proceeds of sale to the same extent, validity, and priority (if any) that they attached to the Assets. The Trustee also seeks a waiver of the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h).

## **FACTS**[1]

An involuntary chapter 7 bankruptcy petition was filed against the Debtor on October 3, 2012. An order for relief was entered on October 26, 2012. Docket No. 6. The Trustee was appointed on October 30, 2012. The Debtor is a Delaware corporation.

---

[1] The facts are supported by the declaration of Paul J. Mansdorf, Trustee and the docket in this case.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Among the assets of the estate is intellectual property, including patent or patent application numbers 20090100495, 20090002556, 20090009662, 20090074051, and 20090006882; possible claims or causes of action relating to the intellectual property; personal tangible property including inventory and equipment; and notes and rights to payment.

The Trustee is informed that Groover & Associates PLLC ("Groover"), a law firm in the Dallas, Texas area, represented the Debtor with respect to certain patent applications. On May 24, 2012, Groover filed a UCC financing statement with the California Secretary of State, filing number 12-7314833789, in which Grover asserted an attorney's lien against certain patent applications. On October 8, 2012, after the involuntary petition was filed, Groover filed another UCC financing statement with the California Secretary of State, filing number 12-7331986787, this time asserting that the Debtor was a Delaware corporation rather than a California corporation. Groover did not file a UCC financing statement in Delaware. Groover has not provided the Trustee's counsel with a copy of a fee agreement purporting to grant Groover an attorney's lien in any assets.

On November 7, 2012, the Debtor filed its Schedules and Statement of Financial Affairs. On Schedule D, the Debtor lists as secured creditors Groover for patent preparation and filing in the amount of $103,000; Dale Kluesing for patent filing fees in the amount of $1,848.06; and Averett Family Trust for patent filing fees in the amount of $31,470.39. There is no indication in the Schedules or Statement of Financial Affairs as to how or why these creditors are secured. The Trustee's search of the offices of the California and Delaware secretaries of state only reveals the two UCC financing statements filed by Groover identified earlier.

Schedule B reflects a loan to Sai Manapragada in the amount of $62,921.60 plus interest. Schedule F reflects a disputed debt to Sai Manapragada in the amount of $1,104,000.00.

## **THE SALE**

The Trustee and xStream Wireless Works have entered into an agreement pursuant to which xStream Wireless Works will purchase substantially all of the assets for $60,000 plus all fees advanced by xStream Wireless Works to preserve the intellectual property estimated to be approximately $14,000. The assets include all intellectual property, including patent or patent

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

application numbers 20090100495, 20090002556, 20090009662, 20090074051, and 20090006882; all claims or causes of action relating to the intellectual property; all personal tangible property including inventory and equipment; and all notes and rights to payment payable by Sai Manapragada (the "Assets"). The Assets do not include cash on hand, accounts receivable or notes (other than from Mr. Manapragada), tax refunds, and avoidance actions. As further consideration, the Petitioning Creditors Ronald W. Moeckel, Ankit Sahu, Max Lightfoot, and Sai Manapragada waive any claims or rights to payment from the bankruptcy estate (according to the involuntary petition, their combined claims exceed $1.7 million). The sale of the Assets will be free and clear of the asserted liens or claims of interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust, because they are all in bona fide dispute. The asserted liens or claims of interest will attach to the proceeds of sale to the same extent, validity, and priority (if any) that they attached to the Assets.

The Trustee is informed that Sai Manapragada was one of the founders of the Debtor and principally responsible for the creation of the intellectual property. Sai Manapragada is also one of the petitioning creditors. The Trustee is further informed that Sai Manapragada is a principal of the proposed buyer xStream Wireless Works. The Debtor allegedly made a loan to Sai Manapragada in the approximate amount of $63,000; however, Sai Manapragada asserts that the Debtor owes him in excess of $1 million on account of his employment contract and that Sai Manapragada may off-set that amount against the loan from the Debtor.

## OVERBID PROCEDURES

The sale is subject to overbids. The first overbid for the Assets shall be $70,000 PLUS all monies advanced by xStream Wireless Works to preserve the intellectual property estimated to be approximately $14,000, and bidding will continue in $1,000 increments thereafter. Overbidding will take place at the hearing on the Motion. Anyone wishing to overbid must submit a cashier's check in the amount of $70,000 made payable to "Paul J. Mansdorf, Trustee" plus proof of ability to perform no later 5:00 p.m. PST on Wednesday, December 26, 2012, to the Trustee's counsel, Jeremy W. Katz, Pinnacle Law Group LLP, 425 California Street, #1800, San Francisco, CA 94104, Tel: (415) 394-5700. The Trustee reserves the right in his sole discretion to disqualify any

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

prospective overbidder whom he believes will not be able to perform. If xStream Wireless Works is not the successful buyer, the Trustee will refund to it the monies it advanced to preserve the intellectual property.

## BENEFIT OF THE PROPOSED SALE TO THE ESTATE

The Trustee believes that the proposed sale is in the best interests of creditors and the estate because the liquidation the Assets is necessary to create an estate that may be distributed to creditors.

## ARGUMENT

### A. *Bankruptcy Code Section 363 and Relevant Case Law Provide Authority for the Court to Approve the Proposed Sale.*

Bankruptcy Code section 363 provides, in pertinent part:

> (b)(1) The trustee, after notice and a hearing, may . . . sell . . . other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b). Under applicable legal standards, approval of a sale is appropriate if the court finds that the transaction represents a reasonable business judgment by the trustee. *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996); *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Wild Horse Enter., Inc.,* 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

In the Ninth Circuit, "cause" exists for authorizing a sale of estate assets if it is in the best interest of the estate, and a business justification exists for authorizing the sale. *In re Huntington, Ltd.,* 654 F.2d 578 (9th Cir. 1981); *In re Walter*, 83 B.R. 14, 19-20 (9th Cir. BAP 1988). In determining whether a sale satisfies the business judgment standard, courts have held: (1) that there be a sound business reason for the sale; (2) that accurate and reasonable notice of the sale be given to interested persons; (3) that the sale yield an adequate price (*i.e*., one that is fair and reasonable); and (4) that the parties to the sale have acted in good faith. *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *see also, In re Walter*, 83 B.R. at 19-20.

///

///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

**B. The Sale Should be Free and Clear of the Asserted liens or Claims of Interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust.**

To enable the proposed sale, the Trustee seeks authorization to sell free and clear of the claims of the Groover, Dale Kluesing, and Averett Family Trust. Pursuant to Bankruptcy Code section 363(f), a trustee may sell property under section 363 "free and clear of any interest in such property of an entity other than the estate" only if one of the following conditions is satisfied:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *In re General Bearing Corp.,* 136 B.R. 361, 363-64 (Bankr. S.D.N.Y. 1992) (listing requirements).

Here, all of the asserted liens or claims of interest are in bona fide dispute. First, none of the three alleged lien holders filed a UCC-1 financing statement in Delaware. The Debtor is a Delaware corporation. "[U]nder both California and Delaware law, there is a single place to perfect a security interest in collateral owned by a Delaware corporation, wherever the collateral is located. The location is the office of the Delaware Secretary of State. It also follows that there is no place in California to file a financing statement that would accomplish such perfection of a security interest in such collateral, including California collateral, belonging to a Delaware corporation." *Aura Sys. V. Barovich (In re Aura Sys.),* 347 B.R. 720, 724 (Bankr. C.D. Cal. 2006). Because no financing statements were filed in Delaware, none of the alleged lienholders has a perfected security in the Debtor's collateral.

Groover's alleged attorney's lien is in bona fide dispute. In California, an attorney's lien is created by contract. *Fletcher v. Davis,* 33 Cal.4th 61, 66 (2004). In addition, an attorney's lien is an interest adverse to the client, so the attorney must comply with the requirements of Rule 3-

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

300 of the Rules of Professional Conduct of the State Bar of California. *Id.,* at 71. Here, Groover has not provided the Trustee with any contractual agreement purporting to grant Groover an attorney's lien. Consequently, the Trustee has no evidence of any such lien and the alleged attorney's lien is in bona fide dispute.

### C. The Sale Satisfies the Trustee's Business Judgment Test.

As stated previously, in determining whether a sale satisfies the business judgment standard, courts have held: (1) that there be a sound business reason for the sale; (2) that accurate and reasonable notice of the sale be given to interested persons; (3) that the sale yield an adequate price (*i.e.*, one that is fair and reasonable); and (4) that the parties to the sale have acted in good faith. *Titusville Country Club v. Pennbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *see also, In re Walter*, 83 B.R. at 19-20. Here, the test is satisfied.

First, there is a sound business reason for the sale. The Trustee must liquidate assets in order to pay creditors. If the sale is not consummated forth with, the intellectual property will become worthless and it is questionable whether there will be any assets to liquidate for the benefit of creditors. Although there appears to be a $63,000 receivable from Sai Manapragada, the estate may owe him in excess of $1 million. As part of the sale, the estate gives up its right to the receivable and Sai Manapragada gives up any claim he may have against the estate. Furthermore, the sale is subject to overbids.

Second, accurate and reasonable notice of the sale has been given to interested parties. In addition to those entitled to notice, the Trustee will post the intellectual property on the NABT Asset Sale website.

Third, the sale price is fair and reasonable, and is subject to overbids to ensure the same.

Fourth, the parties have acted in good faith and the sale price was negotiated at arms-length.

### D. The 14-Day Stay of F.R.B.P. 6004(h) Should Be Waived.

The Trustee requests that the Court waive the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h) so the sale can close forthwith.

///

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

## **CONCLUSION**

The Trustee submits that there is a sound business reason for the sale as it will bring assets into the estate, that he has given accurate and reasonable notice to interested persons and the asserted lien claimants, and that the sale is fair and reasonable. Therefore, the Motion and the sale to the Buyer (or to the successful overbidder) should be approved, and the sale should be free and clear of the liens as described above, with the liens attaching to the sale proceeds in the same extent, validity, and priority as they attached to the Assets.

WHEREFORE, the Trustee respectfully requests that the court authorize the proposed sale as set forth herein and for such other and further relief as is proper in the premises.

Date: November 30, 2012                    PINNACLE LAW GROUP LLP

By:   Jeremy W. Katz
     JEREMY W. KATZ
     Attorneys for Trustee
     PAUL J. MANSDORF

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

1871.107               8               Memo of Points and Authorities re: Sale of Property

Case: 12-48131   Doc# 15-1   Filed: 11/30/12   Entered: 11/30/12 08:54:41   Page 8 of 8