JEREMY W. KATZ (SBN: 119418)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email:  jkatz@pinnaclelawgroup.com
Telephone:   (415) 394-5700
Facsimile:    (415) 394-5003

Attorneys for Chapter 7 Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 12-48131 RLE 7 |
| PICONGEN WIRELESS INC., | Chapter 7 |
| Debtor. | TRUSTEE'S DECLARATION IN SUPPORT OF MOTION FOR ORDER APPROVING SALE OF ESTATE'S INTEREST IN SUBSTANTIALLY ALL ASSETS OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF CERTAIN CLAIMS OF LIEN AND OTHER INTERESTS |
| | Date:  January 9, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 201 |
| | The Honorable Roger L. Efremsky, United States Bankruptcy Judge |

I, Paul J. Mansdorf, Trustee declare:

1. I am the duly appointed Trustee of this bankruptcy estate. I have personal knowledge of the facts contained in this declaration except for those I have learned and as for those I believe them to be true, and if called as a witness, could and would competently testify as to them. I make this declaration in support of the motion for an order authorizing me to sell substantially all of the assets of the bankruptcy estate to xStream Wireless Works, Inc. or

nominee, for $60,000 plus all fees advanced by xStream Wireless Works to preserve the intellectual property.

2. The assets include all intellectual property, including patent or patent application numbers 20090100495, 20090002556, 20090009662, 20090074051, and 20090006882; all claims or causes of action relating to the intellectual property; all personal tangible property including inventory and equipment; and all notes and rights to payment payable by Sai Manapragada (the "Assets"). The Assets do not include cash on hand, accounts receivable or notes (other than from Mr. Manapragada), tax refunds, and avoidance actions. As further consideration, the Petitioning Creditors Ronald W. Moeckel, Ankit Sahu, Max Lightfoot, and Sai Manapragada waive any claims or rights to payment from the bankruptcy estate (according to the involuntary petition, their combined claims exceed $1.7 million). The sale of the Assets will be free and clear of the alleged liens or claims of interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust, because they are all in bona fide dispute. The alleged liens or claims of interest will attach to the proceeds of sale to the same extent, validity, and priority (if any) that they attached to the Assets.

3. An involuntary chapter 7 bankruptcy petition was filed against the Debtor on October 3, 2012. An order for relief was entered on October 26, 2012. Docket No. 6. I was appointed on October 30, 2012. The Debtor is a Delaware corporation.

4. I am informed that Groover & Associates PLLC ("Groover"), a law firm in the Dallas, TX area, represented the Debtor with respect to certain patent applications. I am further informed that on May 24, 2012, Groover filed a UCC financing statement with the California Secretary of State, filing number 12-7314833789, in which Grover asserted an attorney's lien against certain patent applications. I am further informed that on October 8, 2012, after the involuntary petition was filed, Groover filed another UCC financing statement with the California Secretary of State, filing number 12-7331986787, this time asserting that the Debtor was a Delaware corporation rather than a California corporation. I am further informed that Groover did not file a UCC financing statement in Delaware. Groover has not provided my counsel, Pinnacle Law Group LLP, with a copy of a fee agreement purporting to grant Groover an

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

attorney's lien in any assets.

5. On November 7, 2012, the Debtor filed its Schedules and Statement of Financial Affairs. On Schedule D, the Debtor lists as secured creditors Groover for patent preparation and filing in the amount of $103,000; Dale Kluesing for patent filing fees in the amount of $1,848.06; and Averett Family Trust for patent filing fees in the amount of $31,470.39. There is no indication in the Schedules or Statement of Financial Affairs as to how or why these creditors are secured. My counsel's search of the offices of the California and Delaware secretaries of state only reveals the two UCC financing statements filed by Groover identified earlier.

6. Schedule B reflects a loan to Sai Manapragada in the amount of $62,921.60 plus interest. Schedule F reflects a disputed debt to Sai Manapragada in the amount of $1,104,000.00.

7. xStream Wireless Works and I have entered into an agreement pursuant to which xStream Wireless Works will purchase substantially all of the assets for $60,000 plus all fees advanced by xStream Wireless Works to preserve the intellectual property. The assets include all intellectual property, including patent or patent application numbers 20090100495, 20090002556, 20090009662, 20090074051, and 20090006882; all claims or causes of action relating to the intellectual property; all personal tangible property including inventory and equipment; and all notes and rights to payment payable by Sai Manapragada (the "Assets"). The Assets do not include cash on hand, accounts receivable or notes (other than from Mr. Manapragada), tax refunds, and avoidance actions. As further consideration, the Petitioning Creditors Ronald W. Moeckel, Ankit Sahu, Max Lightfoot, and Sai Manapragada waive any claims or rights to payment from the bankruptcy estate (according to the involuntary petition, their combined claims exceed $1.7 million). The sale of the Assets will be free and clear of the alleged liens or claims of interest of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust, because they are all in bona fide dispute. The alleged liens or claims of interest will attach to the proceeds of sale to the same extent, validity, and priority (if any) that they attached to the Assets. A true copy of the Term Sheet accompanies this declaration as Exhibit "A."

8. I am informed that Sai Manapragada was one of the founders of the Debtor and principally responsible for the creation of the intellectual property. Sai Manapragada is also one

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

of the petitioning creditors.  I am further informed that Sai Manapragada is a principal of the proposed buyer xStream Wireless Works.  The Debtor allegedly made a loan to Sai Manapragada in the approximate amount of $63,000; however, Sai Manapragada asserts that the Debtor owes him in excess of $1 million on account of his employment contract and that Sai Manapragada may off-set that amount against the loan from the Debtor.

9. I will list the intellectual property on the NABT Asset Sale website.

10. I believe that the proposed sale is in the best interests of creditors and the estate because the liquidation the Assets is necessary to create an estate that may be distributed to creditors.  If the sale is not consummated forthwith, the value of the patents made be lost.

11. I request that the Court waive the 14-day stay of Federal Rule of Bankruptcy Procedure 6004(h).

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 28th day of November 2012, at Berkeley, California.

/s/ Paul J. Mansdorf
PAUL J. MANSDORF, TRUSTEE

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# BINDING TERMSHEET FOR PURCHASE OF SUBSTANTIALLY ALL ASSETS OF PICONGEN WIRELESS INC.

Paul Mansdorf (the "Trustee") is a duly appointed trustee in the Chapter 7 case of Picongen Wireless Inc. currently pending before the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court").

This Binding Term Sheet (the "Termsheet") sets forth the terms of which those parties identified as "Purchaser" will purchase substantially all of the assets of Picongen Wireless Inc. from the Trustee.

| 1. Parties | The following are the parties to this Termsheet:<br><br>• Paul Mansdorf, solely in his capacity as the duly appointed Chapter 7 trustee of the Chapter 7 estate of Picongen Wireless, Inc. ("**Trustee**")<br>• xStream Wireless Works, Inc. ("**Purchaser**") |
|---|---|
| 2. Definitions | The following terms shall mean the following in this Termsheet:<br><br>"Debtor" means Picongen Wireless Inc., a Chapter 7 debtor in a case styled In re Picongen Wireless Inc., Case No. 12-48131 pending before the United States Bankruptcy Court, Northern District of California.<br><br>"Trustee" means Paul Mansdorf, solely in his capacity as the duly appointed Chapter 7 trustee in the Debtor's Chapter 7 case.<br><br>"Purchased Assets" mean all of the Debtor's interest and rights in:<br><br>(i) All intellectual property, including without limitation the following patents and/or patent applications:<br><br>    No. 20090100495<br>    No. 20090002556<br>    No. 20090009662<br>    No. 20090074051<br>    No. 20090006882<br><br>(ii) All claims and/or causes of action relating to intellectual property;<br><br>(iii) All tangible property, including equipment and inventory; and<br><br>(iv) All notes and rights to payment payable by Sai Manapragada.<br><br>"Excluded Assets" mean any cash on hand, accounts, notes (other than a note from Sai Manapragada); tax refunds; and all avoidance actions. |

|  |  |
|---|---|
|  | "Purchase Price" means (i) $60,000.00 in good funds; (ii) a waiver of any right to distribution on account of all claims of any Petitioning Creditor not arising under the terms of this Termsheet; and (iii) all amounts and fees paid by Purchaser after November 16, 2012 for the purpose of preserving the Debtor's intellectual property. |
| 3. Purchase of Assets | Purchase will purchase the "Purchased Assets". Purchaser shall not acquire any interest in the Excluded Assets. |
| 4. Material Terms of Purchase Agreement | 1. The Trustee will sell the Purchased Assets to Purchaser "free and clear of liens and interests" to the full extent of Bankruptcy Code § 363 (b) and (f). <br><br> 2. The Trustee will make standard representations concerning authority, no impediment and other matters, but sale will otherwise be "as is, where is". <br><br> To the extent necessary, the Trustee grants Purchaser a power of attorney to take those steps necessary to preserve the value of the patents included in the Purchased Assets; including the payment of various fees relating to the patents. In the event that the Court approves a sale of the patents included in the Purchased Assets to a competing bidder, the Trustee shall reimburse Purchaser for all amounts paid by Purchaser to preserve the patents out of the proceeds of the sale/disposition before the proceeds become available for any other purpose. |
| 5. Conditions Precedent | In addition to the customary conditions precedent Purchaser's obligation, the Purchaser's obligation to close the sale and the Trustee's obligation to sell the Purchased Assests are conditioned on entry, no later than December 26, 2012, of a final order of the Bankruptcy Court authorizing the sale of the Purchased Assets free and clear of all identifiable liens and interests to Purchaser in a form reasonably satisfactory to Purchaser. |
| 6. Binding Effect | The parties intend that this Termsheet be superseded by appropriate final agreements and instruments setting forth all of the customary terms and conditions in addition to those set forth herein, but the parties nonetheless intend and agree that this Termsheet shall constitute a binding and enforceable agreement between the parties with respect to the subject matter hereof, and the parties agree that any dispute over the form of the final documentation which the parties cannot resolve through consultation and negotiation may be presented to and resolved by the Bankruptcy Court. |
| 7. Governing Law and Venue | This Termsheet shall be governed by and instrued in accordance with the laws of the State of California regardless of any choice of law principles. |

If each of the parties to this Termsheet do not execute this Termsheet and deliver their signature to Patrick Costello of Vectis Law Group (a PDF by email with original signature to follow by first

2

class mail or overnight delivery), by November 20, 2012, this Termsheet shall be withdrawn and of no force or effect.

[Signature Page Follows]

## SIGNATURE PAGE TO BINDING TERMSHEET FOR PURCHASE OF SUBSTANTIALLY ALL ASSETS OF PICONGEN WIRELESS INC.

Agreed as of November 19, 2012.

Date: November 19, 2012

**TRUSTEE:**

Paul Mansdorf, as Chapter 7 Trustee

_____
Paul Mansdorf

Date: November 26, 2012

**PURCHASER:**

xStream Wireless Works, Inc.

By: _____
Name:   Sai Manapragada
Title:   Chief Executive Officer

4

Case: 12-48131    Doc# 15-2    Filed: 11/30/12    Entered: 11/30/12 08:54:41    Page 8 of 8