JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Email: jkatz@pinnaclelawgroup.com
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Chapter 7 Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>PICONGEN WIRELESS INC.,<br><br>Debtor. | Case No. 12-48131 RLE 7<br><br>Chapter 7<br><br>DECLARATION OF JEREMY W. KATZ IN SUPPORT OF TRUSTEE'S OPPOSITION TO SOMEONE'S MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 11<br><br>Date: February 13, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 201<br><br>The Honorable Roger L. Efremsky, United States Bankruptcy Judge |

I, Jeremy W. Katz, declare:

1. I am a partner in Pinnacle Law Group LLP, attorneys for Paul Mansdorf, Chapter 7 trustee ("Trustee"). I have personal knowledge of the facts contained in this declaration except for those I have learned as and for those I believe them to be true, and if called as a witness, could and would competently testify as to them. I make this declaration in support of the Trustee's opposition to the Debtor's motion to convert the case to a Chapter 11.

2. Attached hereto as Exhibit "A" for the Court's reference is a copy of Patrick Costello's letter to Messrs. Kluesing and Bartlett dated June 19, 2012, in which Mr. Costello

states that he represents Sai Manapragada, president of Picongen Wireless, Inc. and informing them that if Picongen becomes a Chapter 7 Debtor, Mr. Manapragada will "likely seek to acquire the assets of the Company either on his own behalf or on behalf of an entity in which he may have an interest."

3. Attached hereto as Exhibit "B" is an email string, in reverse chronological order, between Mr. Costello and me that took place on January 31, 2013. I begin by asking Mr. Costello to let me know where the Debtor's assets are located. Mr. Costello responds that he only represents the Debtor for the limited purpose of filing the motion to convert, and nothing else. Mr. Costello states that he is forwarding my email to Mr. Manapragada. I then ask whether I should be in touch with Mr. Manapragada directly and if so, I need his contact information.

4. Attached as Exhibit "C" is an email string, in reverse chronological order, between attorney Robert Simon and me that took place between February 1 and 4, 2013. Mr. Simon informs me that the Debtor's equity holders will cooperate and the physical assets are located in Mr. Manapragada's home in Hayward, and that Mr. Manapragada will make them available at a mutually agreeable time. Mr. Simon authorizes me to contact Mr. Manapragada directly to make arrangements. I have redacted Mr. Manapragada's home address and telephone number. I then ask Mr. Simon for the location of the business records, intellectual property, patent applications, etc. and the promissory note(s). Mr. Simon informs me he will ask his clients. He then tells me that they do not have the books, records, or original notes and that I should contact David Bartlett and Dale Kluesing, and attorney Groover concerning the patent applications. I ask Mr. Simon who is now in charge of the Debtor (the Court will recall that there was a change in management just before the auction), and Mr. Simon tells me he just represents a majority of the equity holders.

5. Attached as Exhibit "D" is an email string, in reverse chronological order, between Mr. Costello and me that took place on February 5, 2013. Because he filed the motion to convert on behalf of the Debtor, I ask Mr. Costello to tell me where the assets are located and let him know that the failure to cooperate is one of the grounds for denying the motion to convert. Mr. Costello's response speaks for itself.

PINNACLE LAW GROUP LLP
425 California Street
Suite 1800
San Francisco, CA 94104
(415) 394-5700

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 6th day of February 2013, at San Francisco, California.

Jeremy W. Katz
JEREMY W. KATZ

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

1871.107 3 Katz Declaration in Support of Trustee's Opposition to Conversion

Case: 12-48131 Doc# 47 Filed: 02/06/13 Entered: 02/06/13 15:13:25 Page 3 of 15



**PATRICK M. COSTELLO**
Attorney at Law

2225 E. BAYSHORE ROAD, SUITE 200
PALO ALTO, CA 94303-3220

MAILING ADDRESS:
PMB# 551, 270 REDWOOD SHORES PKWY
REDWOOD CITY, CA 94065

Phone: 650 320 1688
Facsimile: 650 320 1687
Mobile: 650 269 1898
pcostello@vectislawgroup.com

June 19, 2012

**Via Electronic Mail and First Class Mail**

Alvin Dale Kluesing
2275 Springwood Drive
Auburn, AL 36830
(E-mail: dkluesing@mindspring.com)

David Bartlett, Esq.
61 Faith Lane
Tracy, CA 95377-1140
(E-mail: dave@debartlett.com)

**Re: Picongen Wireless, Inc.**

Dear Messrs. Kluesing and Bartlett:

I am bankruptcy counsel for Mr. Sai Manapragada, the President of Picongen Wireless, Inc. (the "Company"). I have been engaged by Mr. Manapragada to advise him concerning, among other matters, the initiation of Chapter 7 relief for the Company.

**The Financial Condition and Prospects of the Company**

As I assume you appreciate, the Company's present financial condition is dire. The Company has no funds to execute on a business plan and owes substantial accrued and unpaid compensation to Messrs. Kluesing and Manapragada. The Company is indebted to Ronald Moeckel under a note or notes in the principal amount of at least $150,000.00; these notes are now past due and Mr. Moeckel has made demand for payment. The Company is further also seriously delinquent on its tax obligations to the State of Delaware. The Company has no apparent ability to satisfy any of these liabilities, much less execute on a business plan. The Company may have creditors and liabilities in addition to those identified above, but Mr. Manapragada is unable to assess such additional liabilities without access to the books and records of the Company in your the possession.

EXHIBIT A

Mr. Manapragada believes that the current intellectual property of the Company could have significant value if developed according to an adequately funded business plan, but that any such business plan requires a substantial additional equity investment in the Company. Any such additional equity investment would no doubt require a substantial dilution of your equity in the Company.

I understand that Mr. Manapragada has discussed the possibility of additional equity investments with you, but the dilutive effect of such potential transactions has to date proven unacceptable to you. Given your unwillingness to accept the terms of such a dilutive transaction, it appears that the Company has no realistic prospect of capitalizing on its current intellectual property and should seek to liquidate through a bankruptcy proceeding before the value of the Company's assets dissipates entirely.

Mr. Manapragada is prepared to support a Chapter 7 petition by the Company to be filed no later than July 15, 2012 unless the Company's board and majority of shareholders accept the dilutive terms likely to be required by a "new money" investor. Mr. Manapragada has spoken with fellow directors Ronald Moeckel and Kumar Yempati, and he believes that a majority of directors are prepared to authorize the filing of a Chapter 7 petition on behalf of the Company if you continue to reject the terms necessary to secure an additional adequate equity investment. A Chapter 7 filing will, of course, likely mean a total loss for all existing equity holders, but such loss is candidly attributable to your refusal to agree to a dilutive transaction.

**Alternatives**

The current state of affairs is unacceptable: the Company cannot execute on any business plan because it lacks the funds to do so while the value of its assets steadily dissipates. From Mr. Managrapada's perspective, the choices for proceeding forward are:

1. You agree to the terms for new equity funding notwithstanding that such terms may significantly dilute of your current equity position; or

2. The Company files for Chapter 7 relief before the value of its intangible property dissipates entirely.

If you have other alternatives to preserve the value of the Company, please feel free to present them to Mr. Manapragada. But if you cannot quickly present any viable alternative, Mr. Manapragada intends to call a meeting of the board of directors for the purpose of authorizing him to initiate a Chapter 7 proceeding.

As a matter of full disclosure, in the event that Picongen becomes a Chapter 7debtor, Mr. Manapragada is likely to seek to acquire the assets of the Company either on his own behalf or on behalf of an entity in which he may have an interest.

Very Truly Yours,

Veetis Law Group

By: ______________________
Patrick Costello
Attorneys for Mr. Sai Manapragada

## Jeremy Katz

**From:** Jeremy Katz
**Sent:** Thursday, January 31, 2013 12:55 PM
**To:** 'Patrick Costello'
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: Picongen Wireless 12-12-48131

I understand, but we need to know where the assets are located. If I should be in touch with Mr. Manapragada directly, let me know. If so, I will need his contact information. Thanks again. Jeremy

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Thursday, January 31, 2013 11:45 AM
**To:** Jeremy Katz
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: Picongen Wireless 12-12-48131

Jeremy,

I represented the Debtor only for the limited purpose of filing the motion to convert to Chapter 11: I do not represent the Debtor other than for that limited purpose. Nonetheless, I am forwarding your request to Mr. Manapragada who was recently appointed an officer and director of the Debtor.

I note that while you say that the trustee needs to be able to deliver the physical assets, the binding term sheet provided for the sale on an "as is, where is" basis.

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Thursday, January 31, 2013 10:30 AM

EXHIBIT B

**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** Picongen Wireless 12-12-48131

Patrick—
The bankruptcy estate needs to be able to deliver the physical assets being purchased by Sigma Group. Please let me know where the Debtor's books and records, intellectual property, computers, TVs, etc. are located and whom to contact and that person's contact information in order to make arrangements to get them.
Thanks. Jeremy

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
(415) 394-5700 Phone
(415) 394-5003 Fax
jkatz@pinnaclelawgroup.com
www.pinnaclelawgroup.com

**This message is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. This message is confidential and is attorney-work product or privileged as an attorney-client communication please be sure to retain this message in a secure place and do not make copies or share this information with anyone without first consulting the sender. If you have any questions, please contact the sender. If you received this communication in error, please notify the sender immediately and then delete this message from your system.

## Jeremy Katz

**From:** Robert Simon <rsimon@bgsfirm.com>
**Sent:** Monday, February 04, 2013 4:19 PM
**To:** Jeremy Katz
**Cc:** pcostello@vectislawgroup.com
**Subject:** RE: Picongen

Currently, I just represent some of the equity holders, a majority of them, but not all of them. I don't represent Bartlett, Dale Kluesing, or the Avarett Trust. I also don't represent Mr. Groover.

Robert A. Simon

BARLOW GARSEK & SIMON, LLP

3815 Lisbon Street
Fort Worth, TX 76107
817.731.4500 (ext. 118)
817.731.6200 (fax)

---

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Any and all such rights of privilege, privacy, and non-disclosure are hereby claimed and are expressly not waived. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by e-mail and delete the original message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

To comply with United States Treasury Regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, February 04, 2013 6:11 PM
**To:** Robert Simon
**Cc:** pcostello@vectislawgroup.com
**Subject:** RE: Picongen

Who is now in charge of the Debtor?

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800

EXHIBIT C

San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com


**From:** Robert Simon [mailto:rsimon@bgsfirm.com]
**Sent:** Monday, February 04, 2013 4:10 PM
**To:** Jeremy Katz
**Cc:** Patrick Costello (pcostello@vectislawgroup.com)
**Subject:** RE: Picongen

Jeremy,

My clients do not have the books, records, or original notes signed by Mr. Manapragada. I would contact David Bartlett and Dale Kluesing. They were in charge of the Debtor until a few days before the hearing on January 22, 2013. Robert Groover would have the best information on the patent applications.

Robert A. Simon

BARLOW GARSEK & SIMON, LLP

3815 Lisbon Street
Fort Worth, TX 76107
817.731.4500 (ext. 118)
817.731.6200 (fax)

---

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Any and all such rights of privilege, privacy, and non-disclosure are hereby claimed and are expressly not waived. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by e-mail and delete the original message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

To comply with United States Treasury Regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, February 04, 2013 3:48 PM
**To:** Robert Simon
**Subject:** RE: Picongen

Mr. Simon—
Have you spoken to your clients? We need to know where the assets not at Mr. Manapragada's home are located. Please advise.

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

**From:** Robert Simon [mailto:rsimon@bgsfirm.com]
**Sent:** Friday, February 01, 2013 9:33 AM
**To:** Jeremy Katz
**Subject:** RE: Picongen

I don't know. I will ask my clients.

Robert A. Simon

BARLOW GARSEK & SIMON, LLP

3815 Lisbon Street
Fort Worth, TX 76107
817.731.4500 (ext. 118)
817.731.6200 (fax)

---

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Any and all such rights of privilege, privacy, and non-disclosure are hereby claimed and are expressly not waived. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by e-mail and delete the original message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

To comply with United States Treasury Regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Friday, February 01, 2013 11:17 AM
**To:** Robert Simon
**Subject:** RE: Picongen

Thank you. Where are the business records, including, but not limited to, information regarding the intellectual property, patents, patent applications, etc., and who is in possession of the promissory note(s)?

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

**From:** Robert Simon [mailto:rsimon@bgsfirm.com]
**Sent:** Friday, February 01, 2013 9:12 AM
**To:** Jeremy Katz
**Cc:** Patrick Costello (pcostello@vectislawgroup.com); Sai Manapragada (saimanapragada@sbcglobal.net); A Sahu (asahu_98@yahoo.com)
**Subject:** Picongen

Jeremy,

The Debtor's equity holders will cooperate with the Trustee regarding the sale of assets to the Sigma Group. The physical assets are not very impressive. They consist of some used computers, WiFi cards, and a couple of TV sets. They are set aside in Sai Manapragada's garage in Hayward, California. Mr. Manapragada will make them available for pick-up at a mutually agreeable time. However, since they are located at his home, you or the trustee will have to call him and make arrangements to meet him for the hand-over. Whoever comes to get the stuff will need a vehicle large enough for a few computers and TV sets. I authorize you to contact Mr. Manapragada directly to make the necessary arrangements.

Mr. Manapragada's home is located at
His telephone number is

Robert A. Simon

BARLOW GARSEK & SIMON, LLP

3815 Lisbon Street
Fort Worth, TX 76107
817.731.4500 (ext. 118)
817.731.6200 (fax)

---

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Any and all such rights of privilege, privacy, and non-disclosure are hereby claimed and are expressly not waived. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution, use, or copying of this message is strictly prohibited. If

you have received this message in error, please notify us immediately by e-mail and delete the original message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

To comply with United States Treasury Regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

## Jeremy Katz

**From:** Patrick Costello <pcostello@vectislawgroup.com>
**Sent:** Tuesday, February 05, 2013 12:46 PM
**To:** Jeremy Katz
**Subject:** RE: Picongen Wireless 12-48131

Jeremy,

I categorically reject your arguments and threat.

As you know, I appeared as special counsel for the Debtor for the limited purpose of filing the motion to convert the Chapter 11 and for no other purpose, and you cannot treat me as the Debtor's general bankruptcy counsel responsible for complying with the Debtor's Section 704 duties because you have now run into a problems with closing a sale to Sigma - - problems that the trustee should have considered when it was evaluating which was the best bid. As you know, the highest dollar bid is by no means the best bid, and in accepting Sigma's bid, the trustee apparently failed to consider all of the other factors relevant to a determination of the best bid and is now experiencing the consequences of such failure.

The schedules were signed by Dale Kleusing - -he acted as the responsible person in signing the schedules and presumably had access to the Debtor's books and records in preparing and signing the schedules under penalty of perjury, and you should look to him for the Debtor's compliance with its duties to cooperate with respect to the books and records and location of the Manapragada notes. As you are aware, Kluesing and Barlett were in exclusive control of the Debtor and its assets as of the commencement of the case and the time that the trustee assumed exclusive management and control over the Debtor's assets, and it is to these individuals that the trustee must look to for information concerning the location of the books and records: current officers of the Debtor only assumed their duties after the trustee had assumed exclusive control over all of the Debtor's assets and are looking to the trustee to return those assets to the DIP upon conversion of the case to Chapter 11. Until the trustee turns over possession of the Debtor's assets, current management has no knowledge as to current location of assets (other than has previously been disclosed) over which the trustee has had exclusive control since the order for relief.

Further, the trustee conducted a 341 and had an opportunity to examine the Debtor's responsible person. Mr Kluesing did not appear, but the trustee did talk to an attorney that presumably represented either the Debtor or Mr Kluesing, and that is the attorney to whom you should address your questions and threats. The 341 examination was the statutorily mandated venue for the trustee to ask where the books and records and the Manapragada notes were located, but the trustee never asked those questions. Since Mr. Kluesing did not appear for examination, the trustee could have either continued the examination or moved to dismiss the case, but the trustee did neither: instead, the trustee was satisfied with the state of affairs and concluded the 341 examination. If the trustee wants to allege any lack of cooperation by new management that only came into place well after the trustee assumed exclusive control over all of the Debtor's assets, the trustee will have to first explain his complete failure take even minimal statutory efforts to locate and secure those assets through the 341 examination.

I presume from the tenor of your message and threat that Sigma is making excuses for not closing and the trustee is looking to shift the blame for an ultimate failure to close from the trustee for his own omissions and poor business judgment to the current "out of possession management" of the Debtor. Weaknesses in attempting to shift fault to the newly appointed "out of possession" management include:

1. Books and records are clearly not part of the Purchased Assets. Sigma is not entitled to them. In any case, Mr. Kluesing is the proper person to ask as to the location of these records.
2. Intellectual property is by definition intangible, so requesting its location is a non sequitar. Besides, if you wanted details concerning the patents beyond the termsheet, you are well aware that Mr. Groover claims the most complete knowledge of the patents.
3. It would be astounding if Sigma based a claim that it was not obligated to close based on the absence of the original notes since Sigma's original bid did not include the notes. Equally astounding is the fact that given that concession, the trustee took no action to preserve those notes for the estate. But ultimately, Kluesing/Bartlett had possession of the notes and the trustee must look to them for the originals to the extent that the binding LOI actually required delivery of originals. I do not believe that LOI did so.

EXHIBIT D

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Tuesday, February 05, 2013 10:20 AM
**To:** Patrick Costello
**Subject:** Picongen Wireless 12-48131

Patrick—you filed the motion to convert the case on behalf of the Debtor. As counsel for the Debtor, please tell me where the Debtor's business records, intellectual property, and promissory notes signed by Mr. Manapragada are located. If that information is not forthcoming in short order, that means the Debtor is not cooperating with the Trustee, see, e.g., section 704, which is only one of the grounds for the court to deny a motion to convert. Jeremy

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
(415) 394-5700 Phone
(415) 394-5003 Fax
jkatz@pinnaclelawgroup.com
www.pinnaclelawgroup.com

**This message is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. This message is confidential and is attorney-work product or privileged as an attorney-client communication please be sure to retain this message in a secure place and do not make copies or share this information with anyone without first consulting the sender. If you have any questions, please contact the sender. If you received this communication in error, please notify the sender immediately and then delete this message from your system.