Exhibit A
to
Declaration of Patrick M. Costello re Motion to
Convert Chapter 7 Case to a Case Under Chapter 11



**PATRICK M. COSTELLO**
Attorney at Law

2225 E. BAYSHORE ROAD, SUITE 200
PALO ALTO, CA 94303-3220

MAILING ADDRESS:
PMB# 551, 270 REDWOOD SHORES PKWY
REDWOOD CITY, CA 94065

Phone: 650 320 1688
Facsimile: 650 320 1687
Mobile: 650 269 1898
pcostello@vectislawgroup.com

June 19, 2012

**Via Electronic Mail and First Class Mail**

Alvin Dale Kluesing
2275 Springwood Drive
Auburn, AL 36830
(E-mail: dkluesing@mindspring.com)

David Bartlett, Esq.
61 Faith Lane
Tracy, CA 95377-1140
(E-mail: dave@debartlett.com)

Re: **Picongen Wireless, Inc.**

Dear Messrs. Kluesing and Bartlett:

I am bankruptcy counsel for Mr. Sai Manapragada, the President of Picongen Wireless, Inc. (the "Company"). I have been engaged by Mr. Manapragada to advise him concerning, among other matters, the initiation of Chapter 7 relief for the Company.

**The Financial Condition and Prospects of the Company**

As I assume you appreciate, the Company's present financial condition is dire. The Company has no funds to execute on a business plan and owes substantial accrued and unpaid compensation to Messrs. Kluesing and Manapragada. The Company is indebted to Ronald Moeckel under a note or notes in the principal amount of at least $150,000.00: these notes are now past due and Mr. Moeckel has made demand for payment. The Company is further also seriously delinquent on its tax obligations to the State of Delaware. The Company has no apparent ability to satisfy any of these liabilities, much less execute on a business plan. The Company may have creditors and liabilities in addition to those identified above, but Mr. Manapragada is unable to assess such additional liabilities without access to the books and records of the Company in your the possession.

Mr. Manapragada believes that the current intellectual property of the Company could have significant value if developed according to an adequately funded business plan, but that any such business plan requires a substantial additional equity investment in the Company. Any such additional equity investment would no doubt require a substantial dilution of your equity in the Company.

I understand that Mr. Manapragada has discussed the possibility of additional equity investments with you, but the dilutive effect of such potential transactions has to date proven unacceptable to you. Given your unwillingness to accept the terms of such a dilutive transaction, it appears that the Company has no realistic prospect of capitalizing on its current intellectual property and should seek to liquidate through a bankruptcy proceeding before the value of the Company's assets dissipates entirely.

Mr. Manapragada is prepared to support a Chapter 7 petition by the Company to be filed no later than July 15, 2012 unless the Company's board and majority of shareholders accept the dilutive terms likely to be required by a "new money" investor. Mr. Manapragada has spoken with fellow directors Ronald Moeckel and Kumar Yempati, and he believes that a majority of directors are prepared to authorize the filing of a Chapter 7 petition on behalf of the Company if you continue to reject the terms necessary to secure an additional adequate equity investment. A Chapter 7 filing will, of course, likely mean a total loss for all existing equity holders, but such loss is candidly attributable to your refusal to agree to a dilutive transaction.

### Alternatives

The current state of affairs is unacceptable: the Company cannot execute on any business plan because it lacks the funds to do so while the value of its assets steadily dissipates. From Mr. Managrapada's perspective, the choices for proceeding forward are:

1. You agree to the terms for new equity funding notwithstanding that such terms may significantly dilute of your current equity position; or

2. The Company files for Chapter 7 relief before the value of its intangible property dissipates entirely.

If you have other alternatives to preserve the value of the Company, please feel free to present them to Mr. Manapragada. But if you cannot quickly present any viable alternative, Mr. Manapragada intends to call a meeting of the board of directors for the purpose of authorizing him to initiate a Chapter 7 proceeding.

As a matter of full disclosure, in the event that Picongen becomes a Chapter 7 debtor, Mr. Manapragada is likely to seek to acquire the assets of the Company either on his own behalf or on behalf of an entity in which he may have an interest.

Very Truly Yours,

Vectis Law Group

By: _____
Patrick Costello
Attorneys for Mr. Sai Manapragada