Exhibit E
to
Declaration of Patrick M. Costello re Motion to
Convert Chapter 7 Case to a Case Under Chapter 11

# Patrick Costello

| | |
|---|---|
| From: | Patrick Costello |
| Sent: | Thursday, November 01, 2012 11:23 AM |
| To: | Paul Mansdorf |
| Cc: | Jeremy_Katz |
| Subject: | RE: 12-48131 Picongen Wireless |

Gentlemen,

Email contacts for Kluesing and Bartlett are as follows:
dkluesing@mindspring.com
dave@debartlett.com

I appreciate the problems of a "no schedules/matrix" scenario. The petitioning creditors want to see this case move forward to the point where the trustee can consider bids to acquire the Debtor's assets. There should be a solution to the schedules/matrix issue: it just may take some nudging and/or work to get there.


Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687


This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Paul Mansdorf [mailto:mansdorftrustee@sbcglobal.net]
**Sent:** Thursday, November 01, 2012 11:04 AM
**To:** Patrick Costello
**Cc:** Jeremy_Katz
**Subject:** RE: 12-48131 Picongen Wireless

Patrick,
Thanks for the quick and comprehensive reply. Jeremy Katz will be representing the estate in this matter. Do you have contact information for Dale Kleusing and also advise who the corporate counsel and accountants might be? I fear that I might end up in a "no schedules" type of situation and will have to somehow construct a set of schedules.

Paul

**Paul J. Mansdorf**
*Chapter 7 Trustee*
1563 Solano Ave. #703

1

Berkeley, CA 94707
(510) 526 5993

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Thursday, November 01, 2012 10:06 AM
**To:** Paul Mansdorf
**Subject:** RE: 12-48181 Picongen Wireless

SETTLEMENT COMMUNICATION NOT ADMISSIBLE

Paul,
   I am sending this as a settlement communication so that I can be candid and hopefully provide you with a decent insight into the situation without having to vet the communication with my clients or be concerned that it will be introduced as evidence.
   There is a technology here that has some value, certainly enough value to pay trustee's fees and modest admin costs. Aside from the petitioning creditors, there appear to be only de minimis creditors.
   This is a situation of a very dysfunctional board. Sai Manapragada is the founder principally responsible for the creation of the technology (do not ask me to explain it, but Sai can: Sai is also one of the petitioning creditors). But when he formed the Debtor, Sai agreed that he, Dale Kluesing (he was to act as CEO) and Dave Bartlett (Company counsel)would each have a third interest (approximate) in the Company. They got some initial investment (these investors got board seats) and managed to do some early beta testing of the technology. Then they ran out of money. To get new money would require a substantial recap and a corresponding reduction in the percentage ownership of Kluesing/Bartlett. Kluesing/Bartlett would not agree to the terms of the recap, and things stood at an impasse for quite some time. The petitioning creditors actually had a majority of seats on the board and were prepared to file a voluntary Chapter 7 so that the technology could be put up for sale rather than continue to languish. But when they advised Kluesing/Bartlett of their intention, Kluesing/Bartlett called a shareholder meeting and dismissed all of the directors who would have voted to authorize a Chapter 7, leaving themselves as the sole directors of the Company. The petitioning creditors then elected to pursue the involuntary petition, and Kluesing/Bartlett consented to the relief because, I believe, they do not think that " there is much there."
   Certain of the petitioning creditors are forming a company to make a bid to purchase the technology, so there is certainly something to be realized through a sale. The problem is the schedules and creditors matrix. Kluesing/Bartlett remain officers and directors of the Debtor, but they have no real incentive to do anything. And my clients have no authority to act on behalf of the Debtor and do not want to become insiders given their interest in bidding on the assets.
   I understand your need to have schedules and a creditors matrix in order to properly deal with property of the estate. It might prompt some cooperation and solutions if you could send me a brief email to the effect of
   " I understand that certain of your clients may be interested in submitting a bid to purchase certain of the Debtor's assets. Please be advised that as the trustee, I cannot consider or take any action to sell any property of the estate until the schedules, statement of      financial affairs and creditors matrix are filed and I have had an opportunity to review them."

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

2

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Paul Mansdorf [mailto:mansdorftrustee@sbcglobal.net]
**Sent:** Wednesday, October 31, 2012 6:52 PM
**To:** Patrick Costello
**Subject:** 12-48181 Picongen Wireless

Good Evening, Patrick,

I note that the just court assigned me this involuntary case. As there are no schedules, etc., nor yet any apparent counsel for the debtor, I'd appreciate it if you could provide a brief background of what is going on.

Thank you,
Paul

**Paul J. Mansdorf**
*Chapter 7 Trustee*
1563 Solano Ave. #703
Berkeley, CA 94707
(510) 526 5993