Exhibit I
to
Declaration of Patrick M. Costello re Motion to
Convert Chapter 7 Case to a Case Under Chapter 11

# Patrick Costello

**From:** Patrick Costello
**Sent:** Thursday, November 08, 2012 1:10 PM
**To:** Paul Mansdorf; 'Jeremy Katz'
**Subject:** RE: PICONGEN WIRELESS INC

I think the potentially most significant discrepancy is the secured claim amount - - I have briefly corresponded with Jeremy on the issue. I believe that it is unequivocal that under the Revised Article 9, you have to perfect in the state of incorporation (DE) and that a California filing is ineffective.
   I think some of the numbers on the equipment may be initial purchase amount (although even that sounds high on some items) rather than market value. Similar for the IP, but the only way to flush that out is to get some bidding going.
   I will ask the client if they have other comments.
Regards

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
**Phone:** 650 320 1688
**Mobile:** 650 269 1898
**Facsimile:** 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Paul Mansdorf [mailto:mansdorftrustee@sbcglobal.net]
**Sent:** Thursday, November 08, 2012 9:44 AM
**To:** Patrick Costello; 'Jeremy Katz'
**Subject:** RE: PICONGEN WIRELESS INC

Good Morning, Patrick,
I'll be reviewing the matter with Jeremy this morning. I am sure you noted the filing of schedules. Are your clients aware of any disclosures (or lack thereof) that they believe not to be materially accurate on what was filed? This will assist with my prompt analysis of the case.

Thank you,
Paul

Paul J. Mansdorf
*Chapter 7 Trustee*
1563 Solano Ave. #703
Berkeley, CA 94707
(510) 526 5993

1

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Wednesday, November 07, 2012 3:55 PM
**To:** Jeremy Katz
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: PICONGEN WIRELESS INC

Gentlemen,

Attached is written offer to purchase certain assets of the Debtor. The timing is not optimal, but it is required by issues relating to preserving the patents which comprise the principal vale from the proposed acquirer's perspective. Please do not hesitate to call with questions.

Regards

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
**Phone:** 650 320 1688
**Mobile:** 650 269 1898
**Facsimile:** 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 05, 2012 5:19 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** Re: PICONGEN WIRELESS INC

I'll talk to Paul tomorrow.

Jeremy W. Katz
Sent from my iPhone

On Nov 5, 2012, at 4:54 PM, "Patrick Costello" <pcostello@vectislawgroup.com> wrote:

> SEE RESPONSES
>
> Patrick M. Costello
> VECTIS LAW GROUP
> 2225 E. Bayshore Road, Suite 246
> Palo Alto, CA 94303
> **MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065

2

Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

---

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 05, 2012 3:43 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: PICONGEN WIRELESS INC

I don't have the comments but let's assume you are correct (and it is not abundantly clear from the statutes themselves). As a practical matter, what does it take to keep the patents valid and what is the buyer willing to pay?
NOT SURE. I DOUBT WE WANT TO GO THRU THE PROCESS OF A 364 LOAN TO PAY PATENT COUNSEL. I ASSUME THE BIDDER WOULD ADVANCE FUNDS TO KEEP THE PATENTS ALIVE UNTIL A SALE, BUT THE BIDDER WOULD HAVE TO KNOW IT WOULD GET REIMBURSED

Frankly, the UST does not appreciate a trustee selling assets just to pay administrative expenses and from which creditors get nothing.
UNDERSTOOD. WHAT IF WE OPEN WITH A BID OF $25K PLUS WAIVER OF CLAIMS OF AL OF THE PETITIONING CREDITORS IF BIDDER BACKED BY PETITIONING CREDITORS IS SUCCESSFUL BIDDER? I HAVE TO CONFIRM THE WAIVER OF CLAIMS, BUT THAT WOULD SIGNIFICANTLY ENHANCE THE CASH COMPONENT OF THE PRICE AND LEAVE THE ESTATE WITH VERY LITTLE IN THE WAY OF CLAIMS (I UNDERSTAND THAT YOU HAVE TO GET A HANDLE ON CLAIMS) AND $25K TO PAY ADMIN AND DE MINIMIS CLAIMS.

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

---

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Monday, November 05, 2012 3:33 PM
**To:** Jeremy Katz
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: PICONGEN WIRELESS INC

A UCC filed with the CA SOS is not effective to give notice or perfect a security interest against a DE corp. See 9301 and cmt 4 and 9307 and cmt 4. To perfect a security interest against a DE corp., the UCC-1 must be filed in DE.

3

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

---

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 05, 2012 3:11 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** FW: PICONGEN WIRELESS INC

Here is the UCC-1 filed in California.
It is my understanding that a UCC-1 is valid if it is filed in the state of incorporation OR in the state in which the debtor is domiciled.

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

# Patrick Costello

| | |
|---|---|
| From: | Patrick Costello |
| Sent: | Friday, November 09, 2012 3:13 PM |
| To: | Jeremy Katz; Paul Mansdorf |
| Subject: | RE: PICONGEN WIRELESS INC |

My apologies, here they are:

Discrepancies in the Schedule:
----------------------------------------
1) Item on Schedule B - Personal Property on page 1: $463,936.00 is wrongly derived due to the following 2, 3, and 5 below...
2) Laptops, etc... item: $31,000 -- this is a BLOATED amount, considering the actual cost of the item to be $2500 each for the two laptops, $1250 each for the two plasma TV, 2 desktop computers $750 each, two legacy computers $4000 each, WiFi cards at $25 a piece, and the micronix cards $1000 each -- for a grand total of $21,500 (approximately) at purchase value -- of which non-saleability makes the assets worth about $2000 at the most for all of the items included.
3) Computer software Altera of $4,000.00 -- this is the sale price of the license and software, which is now a software with an expired license and worthless -- [this is a wrong attempt to make the purchase price/expense as an asset -- and this NOT A PERSONAL PROPERTY]
4) Computer software Northwest Logic of $21,000 -- this is implied as the sale price of the license and software, which is now a software with an expired license and worthless -- [this is a wrong attempt to make a purchase price/expense as an asset -- and this NOT A PERSONAL PROPERTY]
5) Item F - Creditors... on page 1: $3,223,069.00 is wrongly derived, especially since Schedule F on Page 11 claims my (Sai Manapragada's) wages as DISPUTED, while the other bogus and undocumented claim of Dale Kluesing on that same page of $1,300,000.00 has no substantiation, nor an employee contract.
6) Subtotal on Schedule F on Page 10: $819,069.60 is worngly derived since the claim by Dave Bartlett of $519,069.60 is unsubstantiated and without any employement agreement, of offer letter, or a contract with Dave Bartlett by the company Picongen, (this is a wrong and false after-the-fact assertion).
7) Schedule E is wrongly submitted since the BOX saying "Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E" is worngly checked, since "Wages, salaries, and commissions" are clearly due and claimed for.
8) Total amount on Schedule D of $136,318.45 is wrongly derived. The summary is provide in 9, 10, and 11 items below...
9) Item on Schedule D on page 8: "Averett Family Trust" did not pay for any expenses for the patents. Instead "Averett Family Trust" had an equity convertible event with an investment of $20,000.00 -- this is wrongly represented.
10) Another item on Schedule D on page 8: Groover & Associates had initially submitted an invoice of less than $40,000.00 as of January of 2012. And so, considering that no new patent filings or patent services have been rendered, the claim of $103,000.00 is BLOATED and inaccurate.
11) Yet another item on Schedule D on page 8: Dale Kluesing has never paid for any patent fees. All fees were paid through the company's account and Dale Hluesing has never submitted an invoice nor has submitted any evidence of payment to the company.
12) Item #22 on Schedule B on page 6: Picongen System Patents of $135,000.00 is in question since few of the patents have been left to expire by the management of company of the Debtors -- How can one let the value of the patents diminish by non-filing of fess and responses, and still claim the VALUE!??
13) On page 2, Items 4 and 5 reflect $3,223,069 (a hand-written number) -- THIS NUMBER IS FALSELY IMPLIED AND WRONGLY DERIVED.
14) Page 1, Item D of $136,318.00 for secured claims is falsely reported and wrongly derived.
15) Finally, on page 11, {REFER TO (5) above, the amount of $3,223,069.60 is wrongly derived since, although the amount of $1,104,000.00 for Sai Manapragada is valid (owing to the employment contract signed by Dale Kluesing), it is being DISPUTED, while that of $1,300,000.00 for Dale Kluesing is INVALID since there exists no employment agreement, or offer letter, or a contract with Dale Kluesing by the company Picongen.

There may still be some un-declared liabilities in terms of:
1) Delaware Taxes
2) California Taxes
3) Outstanding payment to Engineers and Contracting companies -- which might have been purposely excluded in the schedules

1

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

---

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Friday, November 09, 2012 3:03 PM
**To:** Patrick Costello; Paul Mansdorf
**Subject:** RE: PICONGEN WIRELESS INC

I don't see his comments and that's why I asked. Where are they?

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

---

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Friday, November 09, 2012 3:00 PM
**To:** Jeremy Katz; Paul Mansdorf
**Subject:** RE: PICONGEN WIRELESS INC

I do not believe so: I believe all references are to the filed Schedules.

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Friday, November 09, 2012 1:45 PM
**To:** Patrick Costello; Paul Mansdorf
**Subject:** RE: PICONGEN WIRELESS INC

Is there supposed to be an attachment to your email?

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Friday, November 09, 2012 1:42 PM
**To:** Paul Mansdorf; Jeremy Katz
**Subject:** RE: PICONGEN WIRELESS INC
**Importance:** High

Gentlemen,
   Some additional comments on the schedules from Sai Manapragada.
Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
MAILING ADDRESS: PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

**From:** Paul Mansdorf [mailto:mansdorftrustee@sbcglobal.net]
**Sent:** Thursday, November 08, 2012 9:44 AM
**To:** Patrick Costello; 'Jeremy Katz'
**Subject:** RE: PICONGEN WIRELESS INC

Good Morning, Patrick,

3

I'll be reviewing the matter with Jeremy this morning. I am sure you noted the filing of schedules. Are your clients aware of any disclosures (or lack thereof) that they believe not to be materially accurate on what was filed? This will assist with my prompt analysis of the case.

Thank you,
Paul

**Paul J. Mansdorf**
*Chapter 7 Trustee*
1563 Solano Ave. #703
Berkeley, CA 94707
(510) 526 5993

---

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Wednesday, November 07, 2012 3:55 PM
**To:** Jeremy Katz
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: PICONGEN WIRELESS INC

Gentlemen,

Attached is written offer to purchase certain assets of the Debtor. The timing is not optimal, but it is required by issues relating to preserving the patents which comprise the principal vale from the proposed acquirer's perspective. Please do not hesitate to call with questions.

Regards

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

---

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 05, 2012 5:19 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** Re: PICONGEN WIRELESS INC

4

I'll talk to Paul tomorrow.

Jeremy W. Katz
Sent from my iPhone

On Nov 5, 2012, at 4:54 PM, "Patrick Costello" <pcostello@vectislawgroup.com> wrote:

> SEE RESPONSES
>
> Patrick M. Costello
> VECTIS LAW GROUP
> 2225 E. Bayshore Road, Suite 246
> Palo Alto, CA 94303
> **MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
> Phone: 650 320 1688
> Mobile: 650 269 1898
> Facsimile: 650 320 1687
>
> This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.
>
> ---
>
> **From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
> **Sent:** Monday, November 05, 2012 3:43 PM
> **To:** Patrick Costello
> **Cc:** mansdorftrustee@sbcglobal.net
> **Subject:** RE: PICONGEN WIRELESS INC
>
> I don't have the comments but let's assume you are correct (and it is not abundantly clear from the statutes themselves). As a practical matter, what does it take to keep the patents valid and what is the buyer willing to pay?
> NOT SURE. I DOUBT WE WANT TO GO THRU THE PROCESS OF A 364 LOAN TO PAY PATENT COUNSEL. I ASSUME THE BIDDER WOULD ADVANCE FUNDS TO KEEP THE PATENTS ALIVE UNTIL A SALE, BUT THE BIDDER WOULD HAVE TO KNOW IT WOULD GET REIMBURSED
>
> Frankly, the UST does not appreciate a trustee selling assets just to pay administrative expenses and from which creditors get nothing.
> UNDERSTOOD. WHAT IF WE OPEN WITH A BID OF $25K PLUS WAIVER OF CLAIMS OF AL OF THE PETITIONING CREDITORS IF BIDDER BACKED BY PETITIONING CREDITORS IS SUCCESSFUL BIDDER? I HAVE TO CONFIRM THE WAIVER OF CLAIMS, BUT THAT WOULD SIGNIFICANTLY ENHANCE THE CASH COMPONENT OF THE PRICE AND LEAVE THE ESTATE WITH VERY LITTLE IN THE WAY OF CLAIMS (I UNDERSTAND THAT YOU HAVE TO GET A HANDLE ON CLAIMS) AND $25K TO PAY ADMIN AND DE MINIMIS CLAIMS.
>
> Jeremy W. Katz
> Pinnacle Law Group LLP
> 425 California Street, Suite 1800
> San Francisco, CA 94104

Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com

---

**From:** Patrick Costello [mailto:pcostello@vectislawgroup.com]
**Sent:** Monday, November 05, 2012 3:33 PM
**To:** Jeremy Katz
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** RE: PICONGEN WIRELESS INC

A UCC filed with the CA SOS is not effective to give notice or perfect a security interest against a DE corp. See 9301 and cmt 4 and 9307 and cmt 4. To perfect a security interest against a DE corp., the UCC-1 must be filed in DE.

Patrick M. Costello
VECTIS LAW GROUP
2225 E. Bayshore Road, Suite 246
Palo Alto, CA 94303
**MAILING ADDRESS:** PMB# 551, 270 Redwood Shores Pkwy, Redwood City, CA 94065
Phone: 650 320 1688
Mobile: 650 269 1898
Facsimile: 650 320 1687

This email and its attachments may contain private, confidential, and privileged material solely for use by the intended recipient. Any review, copying, or distribution of this email or its attachments by any person other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments without further review or distribution.

---

**From:** Jeremy Katz [mailto:jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 05, 2012 3:11 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** FW: PICONGEN WIRELESS INC

Here is the UCC-1 filed in California.
It is my understanding that a UCC-1 is valid if it is filed in the state of incorporation OR in the state in which the debtor is domiciled.

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003
Email: jkatz@pinnaclelawgroup.com
Web: www.pinnaclelawgroup.com