Exhibit M
to
Declaration of Patrick M. Costello re Motion to
Convert Chapter 7 Case to a Case Under Chapter 11

## Patrick Costello

**From:** Jeremy Katz [jkatz@pinnaclelawgroup.com]
**Sent:** Tuesday, November 13, 2012 2:24 PM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** Picongen Wireless, Inc. 12-48131
**Attachments:** L-xStream Wireless (00150229).PDF

Patrick—
Please forward this letter to xStream Wireless regarding its purchase offer. I am also sending it to xStream Wireless by regular mail.
Regards, Jeremy

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
(415) 394-5700 Phone
(415) 394-5003 Fax
jkatz@pinnaclelawgroup.com
www.pinnaclelawgroup.com

**This message is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. This message is confidential and is attorney-work product or privileged as an attorney-client communication please be sure to retain this message in a secure place and do not make copies or share this information with anyone without first consulting the sender. If you have any questions, please contact the sender. If you received this communication in error, please notify the sender immediately and then delete this message from your system.



PINNACLE LAW GROUP LLP

Our File No. 1871.107

November 13, 2012

Mr. Sai Manapragada
xStream Wireless Works, Inc.
27457 Green Hazel Road
Hayward, CA 94544

Re: In re Picongen Wireless, Inc., Debtor, Case No. 12-48131 RLE 7

Dear Mr. Manapragada:

As you know, this firm represents Paul Mansdorf, the Trustee of the Picongen Wireless, Inc. chapter 7 bankruptcy estate. This letter responds to xStream Wireless Works, Inc.'s ("xStream Wireless") offer to purchase certain assets of the bankruptcy estate for $35,000 cash, including all intellectual property, all claims and/or causes of action relating to the intellectual property, all tangible property including equipment and inventory, and all notes and rights to payment payable to yourself. As additional consideration, the petitioning creditors will waive their claims against the estate. The sale must be free and clear of asserted liens and interests, is subject to the entry of a bankruptcy court order, and the sale must close no later than November 30, 2012.

The schedules filed in this case list the value of the assets at just under $464,000. Thus, the cash consideration offered by xStream Wireless in less than 10% of the scheduled value. I understand that there may be some disagreement about the value of the assets.

In order to meet the terms of xStream Wireless's offer, the Trustee will have to obtain an order shortening time for the sale motion to be heard before November 30, 2012 (which normally requires a minimum of 28 days' notice) so that the sale will close no later than November 30, 2012. In addition, the Trustee will have to file a motion to sell the assets free and clear of the asserted liens of Groover & Associates PLLC, Dale Kluesing, and Averett Family Trust, all of whom are listed as secured creditors on Schedule D. A trustee can only sell free and clear of liens if the liens are in bona fide dispute or the sale will generate enough proceeds to pay off the asserted lien creditors. I understand that the asserted lien of Groover & Associates PLLC is likely subject to a bona dispute because it was not filed in Delaware and the Debtor is a Delaware corporation. However, I have no knowledge of the circumstances surrounding the liens asserted by Mr. Kluesing and Averett Family Trust, other than anecdotal evidence that they did not pay the alleged patent filing fees. There certainly are no documents filed in Delaware or California purporting to grant them a lien. The sale will not generate enough money to pay the alleged liens. Even if the Trustee obtained an order authorizing the sale free and clear of all three asserted liens, unless all three alleged lien claimants stipulate that they have no lien, the Trustee will be required to file an adversary proceeding so that the Court can determine that they have no lien. This is not an inexpensive proposition.

425 California Street
Suite 1800
San Francisco
California 94104
Telephone
415.394.5700
Facsimile
415.394.5003

www.pinnaclelawgroup.com

Additionally, the Trustee has not had the opportunity to market the assets. A sale to xStream Wireless by November 30, 2012, will effectively prevent the Trustee from marketing the assets and perhaps obtaining the highest and best price for them.

Finally, the Trustee is being asked to give up a $50,000 receivable from you. Although you assert the right of setoff against the money you owe, the provisions of the Bankruptcy Code may make such setoff unavailable. I do not have sufficient information at this time to form an opinion concerning setoff rights.

Given all of the above, the Trustee makes the following counter-offer:

1. The purchase price will be $60,000.
2. The sale will be free and clear of asserted liens; however, it will not be made on shortened time but on a regularly-scheduled motion calendar on notice to all creditors and parties-in-interest, and subject to overbids.
3. The sale will not include cash on hand, accounts receivable, notes receivable (other than from you), any tax refunds, or avoidance actions.
4. xStream Wireless will preserve the patents, including paying any monies required to be paid to preserve them. All such monies paid to preserve the patents will not be deducted from the $60,000 cash purchase price.
5. The petitioning creditors waive all of their claims against the estate.
6. The Trustee represents that he has authority to convey title to the assets.
7. In the event that xStream Wireless is not the successful buyer, the Trustee will refund whatever monies xStream Wireless paid to preserve the patents from the sale of the assets to the successful buyer.

The Trustee would like to sell the assets but must only do so if he believes that the sale is in the best interests of creditors and the estate, and that the sale will generate enough proceeds so that creditors will receive some distribution. The Trustee's counter-offer satisfies that criteria. If you have any questions, please feel free to call me.

Very truly yours,

PINNACLE LAW GROUP LLP

Jeremy W. Katz

JWK/hp
cc: Trustee (via email)