Exhibit N
to
Declaration of Patrick M. Costello re Motion to
Convert Chapter 7 Case to a Case Under Chapter 11

**Patrick Costello**
___

**From:** Jeremy Katz [jkatz@pinnaclelawgroup.com]
**Sent:** Monday, November 19, 2012 10:12 AM
**To:** Patrick Costello
**Cc:** mansdorftrustee@sbcglobal.net
**Subject:** Picongen Wireless  12-48131
**Attachments:** Term Sheet signed by Trustee (00150487).PDF

Term sheet signed by Trustee.

Jeremy W. Katz
Pinnacle Law Group LLP
425 California Street, Suite 1800
San Francisco, California 94104
(415) 394-5700 Phone
(415) 394-5003 Fax
jkatz@pinnaclelawgroup.com
www.pinnaclelawgroup.com

**This message is intended only for the use of the individual or entity to which it is addressed and contains information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. This message is confidential and is attorney-work product or privileged as an attorney-client communication please be sure to retain this message in a secure place and do not make copies or share this information with anyone without first consulting the sender. If you have any questions, please contact the sender. If you received this communication in error, please notify the sender immediately and then delete this message from your system.

# BINDING TERMSHEET FOR PURCHASE OF SUBSTANTIALLY ALL ASSETS OF PICONGEN WIRELESS INC.

Paul Mansdorf (the "Trustee") is a duly appointed trustee in the Chapter 7 case of Picongen Wireless Inc. currently pending before the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court").

This Binding Term Sheet (the "Termsheet") sets forth the terms of which those parties identified as "Purchaser" will purchase substantially all of the assets of Picongen Wireless Inc. from the Trustee.

| | |
|---|---|
| **1. Parties** | The following are the parties to this Termsheet:<br><br>• Paul Mansdorf, solely in his capacity as the duly appointed Chapter 7 trustee of the Chapter 7 estate of Picongen Wireless, Inc. ("**Trustee**")<br>• xStream Wireless Works, Inc. ("**Purchaser**") |
| **2. Definitions** | The following terms shall mean the following in this Termsheet:<br><br>"Debtor" means Picongen Wireless Inc., a Chapter 7 debtor in a case styled In re Picongen Wireless Inc., Case No. 12-48131 pending before the United States Bankruptcy Court, Northern District of California.<br><br>"Trustee" means Paul Mansdorf, solely in his capacity as the duly appointed Chapter 7 trustee in the Debtor's Chapter 7 case.<br><br>"Purchased Assets" mean all of the Debtor's interest and rights in:<br><br>(i) All intellectual property, including without limitation the following patents and/or patent applications:<br><br>    No. 20090100495<br>    No. 20090002556<br>    No. 20090009662<br>    No. 20090074051<br>    No. 20090006882<br><br>(ii) All claims and/or causes of action relating to intellectual property;<br><br>(iii) All tangible property, including equipment and inventory; and<br><br>(iv) All notes and rights to payment payable by Sai Manapragada.<br><br>"Excluded Assets" mean any cash on hand, accounts, notes (other than a note from Sai Manapragada); tax refunds; and all avoidance actions. |

1

| | |
|---|---|
| | "Purchase Price" means (i) $60,000.00 in good funds; (ii) a waiver of any right to distribution on account of all claims of any Petitioning Creditor not arising under the terms of this Termsheet; and (iii) all amounts and fees paid by Purchaser after November 16, 2012 for the purpose of preserving the Debtor's intellectual property. |
| 3. Purchase of Assets | Purchase will purchase the "Purchased Assets". Purchaser shall not acquire any interest in the Excluded Assets. |
| 4. Material Terms of Purchase Agreement | 1. The Trustee will sell the Purchased Assets to Purchaser "free and clear of liens and interests" to the full extent of Bankruptcy Code § 363 (b) and (f).<br><br>2. The Trustee will make standard representations concerning authority, no impediment and other matters, but sale will otherwise be "as is, where is".<br><br>To the extent necessary, the Trustee grants Purchaser a power of attorney to take those steps necessary to preserve the value of the patents included in the Purchased Assets; including the payment of various fees relating to the patents. In the event that the Court approves a sale of the patents included in the Purchased Assets to a competing bidder, the Trustee shall reimburse Purchaser for all amounts paid by Purchaser to preserve the patents out of the proceeds of the sale/disposition before the proceeds become available for any other purpose. |
| 5. Conditions Precedent | In addition to the customary conditions precedent Purchaser's obligation, the Purchaser's obligation to close the sale and the Trustee's obligation to sell the Purchased Assests are conditioned on entry, no later than December 26, 2012, of a final order of the Bankruptcy Court authorizing the sale of the Purchased Assets free and clear of all identifiable liens and interests to Purchaser in a form reasonably satisfactory to Purchaser. |
| 6. Binding Effect | The parties intend that this Termsheet be superseded by appropriate final agreements and instruments setting forth all of the customary terms and conditions in addition to those set forth herein, but the parties nonetheless intend and agree that this Termsheet shall constitute a binding and enforceable agreement between the parties with respect to the subject matter hereof, and the parties agree that any dispute over the form of the final documentation which the parties cannot resolve through consultation and negotiation may be presented to and resolved by the Bankruptcy Court. |
| 7. Governing Law and Venue | This Termsheet shall be governed by and instrued in accordance with the laws of the State of California regardless of any choice of law principles. |

If each of the parties to this Termsheet do not execute this Termsheet and deliver their signature to Patrick Costello of Vectis Law Group (a PDF by email with original signature to follow by first

class mail or overnight delivery), by November 20, 2012, this Termsheet shall be withdrawn and of no force or effect.

[Signature Page Follows]

## SIGNATURE PAGE TO BINDING TERMSHEET FOR PURCHASE OF SUBSTANTIALLY ALL ASSETS OF PICONGEN WIRELESS INC.

Agreed as of November 19, 2012.

Date: November 19, 2012

**TRUSTEE:**

Paul Mansdorf, as Chapter 7 Trustee

_____
Paul Mansdorf

Date: November ___, 2012

**PURCHASER:**

xStream Wireless Works, Inc.

By: _____
Name: Sai Manapragada
Title: Chief Executive Officer

4