JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone:   (415) 394-5700
Facsimile:   (415) 394-5003
lsorensen@pinnaclelawgroup.com

Attorneys for Plaintiff
PAUL J. MANSDORF, TRUSTEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**PICONGEN WIRELESS INC.,**<br><br>Debtor. | Case No. 12-48131 RLE 7<br><br>Chapter 7 |
| **PAUL J. MANSDORF, Trustee of the bankruptcy estate of Picongen Wireless, Inc., Debtor,**<br><br>Plaintiff,<br>v.<br><br>**SIGMA GROUP, INC.,**<br><br>Defendant. | Adversary Proceeding No.<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, TO REQUIRE PAYMENT OF WINNING BID AT AUCTION; AND FOR MODIFICATION OF SALE ORDER TO FACILITATE MITIGATION OF DAMAGES** |

Plaintiff Paul J. Mansdorf, Trustee ("Trustee" or "Plaintiff"), alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction over this chapter 7 case and this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334, 11 U.S.C. § 541, and F.R.B.P. 7001.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (N), and (O), and arises from Defendant's postpetition involvement in the Case by bidding for assets at a bankruptcy court auction.

3. This adversary proceeding is properly venued before this Court pursuant to 28 U.S.C. § 1409(a).

**GENERAL ALLEGATIONS**

4. An involuntary chapter 7 bankruptcy petition was filed against the Picongen Wireless, Inc., Debtor (the "Debtor") on October 3, 2012. An order for relief under chapter 7 was entered on October 26, 2012, and Applicant was appointed Trustee.

5. Plaintiff is the duly appointed, qualified, and acting trustee of the Debtor's bankruptcy estate.

6. At hearing in open court on January 9, 2013, Mahesh Bigala acting as CEO of and authorized to act on behalf of Sigma Group, Inc. ("Sigma Group" or "Defendant"), qualified Sigma Group to bid on the lienfree auction sale pursuant to the Trustee's Motion for Order Approving Sale of Estate's Interest in Substantially all Assets of the Bankruptcy Estate Free and Clear of Certain Claims of Lien and Other Interests ("Sale Motion," which includes the filings on behalf of the Trustee in support thereof, including declarations). Sigma Group was represented by counsel. The hearing was continued for purposes of holding an auction.

7. Defendant, again represented by counsel, then appeared in open court at the continued hearing on January 22, 2013, the auction was conducted in open court as a part of said hearing (the "Auction"), and Defendant did in fact bid, overbidding for the assets stated in the Sale Motion and offered in open court ("Offered Assets") on the terms set forth in the Sale Motion. The Sale Motion contemplated sale of the Offered Assets to xStream Wireless Works, Inc. (or nominee) ("xStream") for $60,000[1] or other price and other bidder pursuant to overbidding. Sigma Group continued to bid against xStream until Sigma Group became the successful bidder at a highest bid of $351,000 all cash.

8. On January 22, 2013, the sale of the Offered Assets to Sigma Group for $351,000 was made and effected by the Court's announcement of that fact at the conclusion of bidding,

---

[1] xStream's initial negotiated offer included additional monies that it paid to preserve the Debtor's intellectual property pending its sale, plus withdrawal of certain claims against Debtor's estate.

1871.107     2     **COMPLAINT**

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

with no condition subsequent having been made a part of said sale, other than entry of a confirming order that is customary in such circumstances.

9. Accordingly, the Court's Order Approving Sale Of Estate's Interest In Substantially All Assets Of The Bankruptcy Estate Free And Clear Of Certain Claims Of Lien And Other Interests To Sigma Group, Inc. (the "Sale Order") was entered on January 23, 2013, a true copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference. The Sale Order was provided to Sigma Group prior to entry without protest having been made thereto by Sigma Group, whether prior to or after its entry.

10. By the Auction, said Sale Order, and pursuant to law, equitable ownership of the Offered Assets passed to Defendants "as is" and without warranty.

11. Defendant was, is and continues to be obligated to perform the contract formed upon the acceptance of its bid, by payment of the price.

12. The Trustee has done all things that are required of him in performance of the seller's obligations in the Auction, and the Defendant has received an appropriate tender of the Offered Assets.

13. The Trustee is informed and believes and thereupon alleges that the Defendant has in fact gathered up the information on the intellectual property that is the principal value among the assets included in the auction sale, and in so doing obtained for itself the benefits of its purchase. To the extent that the Defendant has not yet received possession of tangible assets, that is because Defendant has failed to undertake reasonable actions required of it to accept the tender.

14. Despite demand made by the Trustee therefor, Defendant has not paid the bid price of $351,000, or any of it.

**FIRST CLAIM FOR RELIEF**
**(Contract Damages)**

15. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

16. Defendant has breached its contract to pay the sum of $351,000 for the Offered Assets, and in so doing has damaged the bankruptcy estate in said amount, including by having

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

acted as a bidder in a manner that deprived the bankruptcy estate of the opportunity to sell assets that are adversely affected by the passage of time in the circumstances of a chapter 7 bankruptcy case, to another purchaser at the Auction.

17. The Trustee is entitled to judgment against Defendant for its bid of $351,000, plus interest according to law from and after January 22, 2012 until fully paid.

18. Alternatively, in the event that Defendant fails promptly to pay its bid amount in completion of its obligations to the bankruptcy estate, and the Trustee instead recovers the Offered Assets fully from Defendant and is able to mitigate the damages incurred to the estate, then the Trustee is entitled to damages based on any deficit between Defendant's winning bid and the amount, if any, that the Trustee is able to obtain by resale in mitigation, plus the costs of mitigation.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
### (Modification of the Sale Order, Return of the Assets and Associated Relief)

19. Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

20. In order for the Trustee to be able to sell the Offered Assets (other than to Defendant pursuant to the Sale Order) in mitigation of the damages suffered by the bankruptcy estate, the rights of Defendant in and to the assets must be terminated by amendment of the Sale Order. Such termination of Defendant's rights should be without prejudice to the rights of the bankruptcy estate to collect damages from Defendant as otherwise specified herein.

21. In order to achieve an effective and complete return of the Offered Assets for mitigation purposes, the Trustee is entitled to turnover and to declaratory and injunctive relief against Defendant adequate to assure a substitute purchaser of quiet enjoyment of Offered Assets that Defendant has taken for itself and is therefore in a position to profit by to the detriment of other potential purchasers.

///

WHEREFORE, Plaintiff prays for judgment as follows:

**PRAYER**

A. For a money judgment against Sigma Group, Inc., not less than $351,000;

B. For an alternative judgment against Sigma Group, Inc., in the amount determined as the damages incurred by the bankruptcy estate after any mitigation by resale, according to proof;

C. For turnover, declaratory relief and injunctive relief against Defendant and persons acting in concert with Defendant to deprive them of retaining the benefits of the Auction without payment therefor; and an award of attorneys fees to compensate the bankruptcy estate for the costs of turnover and measures to assure quiet title to a different purchaser;

D. For interest at the legal rate from the date of the Auction on January 22, 2013; and

E. For such other and further relief as the Court deems appropriate.

Dated: March 15, 2013          PINNACLE LAW GROUP LLP

By:    /s/ *Linda Sorensen*
       Linda Sorensen
       Attorneys for Plaintiff
       PAUL J. MANSDORF, TRUSTEE

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700