JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
lsorensen@pinnaclelawgroup.com
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Plaintiff
PAUL J. MANSDORF, TRUSTEE

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>PICONGEN WIRELESS INC.,<br><br>       Debtor.<br><br> | **Case No. 12-48131 RLE 7**<br><br>**Chapter 7** |
| PAUL J. MANSDORF, Trustee of the bankruptcy estate of Picongen Wireless Inc., Debtor,<br><br>       Plaintiff,<br>v.<br><br>ROBERT O. GROOVER III, GROOVER & ASSOCIATES PLLC, DALE KLEUSING, and RUTH DONOHUE as Trustee of the AVERETT FAMILY TRUST,<br><br>       Defendants. | **Adversary Proceeding No.**<br><br>**COMPLAINT TO DETERMINE EXTENT, VALIDITY, AND PRIORITY OF LIEN; FOR DECLARATORY RELIEF; AND OBJECTION TO PROOF OF SECURED CLAIM** |

Plaintiff Paul J. Mansdorf, Trustee (the "Plaintiff" of "Trustee") alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over this chapter 7 case and this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334, 11 U.S.C. §§ 105 and 502, and F.R.B.P. 7001.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

3.     This adversary proceeding is properly venued before this Court pursuant to 28 U.S.C. §1409(a).

### GENERAL ALLEGATIONS

4.     An involuntary chapter 7 bankruptcy petition was filed against the Debtor on October 3, 2012.  An order for relief was entered on October 26, 2012.  [Main Case ECF #6.] The Trustee was appointed on October 30, 2012.  The Debtor is a Delaware corporation.

5.     Plaintiff is the duly appointed, qualified, and acting trustee of the Debtor's bankruptcy estate.

6.     Defendant Robert O. Groover III is an attorney, who has filed Proof of Claim No. 1-1 herein, the first two pages of which are attached hereto as Exhibit "A," and who has presented to the Trustee a purported agreement dated March 28, 2008, signed by himself but not by the Debtor, whereby he would provide legal services to the Debtor in San Jose, California, a copy of which is attached hereto as Exhibit "B." Trustee is informed and believes and thereupon alleges that defendant Groover & Associates PLLC is a law firm with which defendant Robert O. Groover III is associated, which defendant filed UCC-1 financing statements in California rather than in Delaware and lacking any signature on behalf of Debtor, on May 24, 2012, and October 8, 2012, copies of which are attached hereto as Exhibit "C."  Said defendants are referred to collectively herein as "Groover."

7.     Groover has asserted a security interest in certain intellectual property that was an asset of the bankruptcy estate, including but not limited to the patent applications listed on Exhibit "C" (the "Patents").  Although there are two "Groover" defendants, the Trustee is informed and believes and thereupon alleges that there is a single claim which they share in some manner unknown to Trustee, for attorney fees that Groover asserts are secured by an attorney's lien.

8.     Defendant Dale Kleusing is the former CEO of the Debtor, who signed the Debtor's Schedules [Main Case ECF #11] and therein stated on Schedule D that he had a secured claim for $1,848.08 for "patent filing fees" but no description of collateral, and therein also stated on Schedule D that Averett Trust had a secured claim for $31,470.39 for "patent filing fees" but

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

no description of collateral. Dale Kleusing claims, or may claim, a security interest in the Patents. To the best of the Plaintiff's knowledge, information and belief, Dale Kleusing has not yet filed a proof of claim herein although he had knowledge of the bankruptcy case prior to the deadline, which has passed.

9.      Plaintiff is informed and believes and thereupon alleges that defendant Ruth Donohue is trustee of the Averett Family Trust (hereinafter "Averett Family Trust"), and in that capacity claims, or may claim, a security interest in the Patents as stated in Schedule D signed by Dale Kleusing. To the best of the Plaintiff's knowledge, information and belief, Averett Family Trust has not yet filed a proof of claim herein although its trustee had knowledge of the bankruptcy case prior to the deadline, which has passed. A "term sheet" has been provided by Averett Family, a copy of which is attached as Exhibit "D."

10.      Pursuant to court orders (the "Lienfree Order" Main Case ECF #32, the "Sale Order" Main Case ECF #41, and the Compromise Order" Main Case ECF #64) the Patents were sold free and clear of disputed claims of lien, with all disputed liens, including the Defendants', attaching to the proceeds of sale that the Trustee now holds, to the same extent, and with the same validity and priority, as they attached to the Patents.

## FIRST CLAIM FOR RELIEF
### (Extent, Validity, and Priority of Lien)
### (against "Groover" defendants)

11.      Plaintiff refers to paragraphs 1 through 7 and 10 above and hereby incorporates them as though set forth in full.

12.      The Sale Order provided that Groover's disputed lien(s) against the Patents attached to the proceeds to the same extent, and with the same validity and priority, as they attached to the Patents.

13.      Plaintiff alleges that Groover's purported lien(s) is ineffective, void or voidable pursuant to 11 U.S.C. § 502(b)(1) and §544 and California Civil Code §§ 1599 and 1670.5(a) because Groover failed to comply with all of the written disclosure requirements of Rule 3-300 of

PINNACLE LAW GROUP  LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

the Rules of Professional Conduct for obtaining an interest adverse to Groover's client, such as a lien in Groover's client's assets.

14.     Plaintiff also alleges that Groover's claim of a security interest is unenforceable against the Debtor or the bankruptcy estate, invalid and in any event voidable and subject to the superior rights of a bankruptcy trustee, all pursuant to Bankruptcy Code §502(b) and §544 and the California Commercial Code and Delaware Commercial Code because Groover neither obtained an authenticated written grant signed by the Debtor of a security interest describing the Patents [Cal. U.Com.Code Sec. 9203(b), 6 Del. C. 9-203(b)] nor did Groover file a UCC-1 financing statement in Delaware perfecting such security interest [Cal. U.Com.Code Sec. 9307(e),(g), 6 Del. C. Sec. 9-310, 6 Del. C. Sec. 9-501(a)(2)].

15.     Plaintiff is entitled to an order determining that Groover has no lien enforceable against the Debtor or the bankruptcy estate, and avoiding any unperfected lien, preserving it for the benefit of the bankruptcy estate.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### (Extent, Validity, and Priority of Lien)
### (against Dale Kleusing)

16.     Plaintiff refers to paragraphs 1 through 5 and 8 and 10 above and hereby incorporates them as though set forth in full.

17.     The Sale Order provided that Dale Kleusing's disputed lien(s) against the Patents attached to the proceeds to the same extent, and with the same validity and priority, as they attached to the Patents.

18.     Plaintiff alleges that Dale Kleusing's claim of a security interest is unenforceable against the Debtor or the bankruptcy estate, invalid and in any event voidable and subject to the superior rights of a bankruptcy trustee pursuant to Bankruptcy Code §502(b)(1) and §544 and the California Commercial Code and Delaware Commercial Code because Dale Kleusing neither obtained an authenticated written grant signed by the Debtor of a security interest describing the Patents [Cal. U.Com.Code Sec. 9203(b), 6 Del. C. 9-203(b)], whether duly authorized by the corporation or not according to proof (e.g., self-dealing), nor did Dale Kleusing file a UCC-1

PINNACLE LAW GROUP  LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

financing statement in Delaware perfecting such security interest [Cal. U.Com.Code Sec. 9307(e)(g), 6 Del. C. Sec. 9-310, 6 Del. C. Sec. 9-501(a)(2)].

19.     Plaintiff is entitled to an order determining that Dale Kleusing has no lien enforceable against the Debtor or the bankruptcy estate, and avoiding any unperfected lien, preserving it for the benefit of the estate.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### (Extent, Validity, and Priority of Lien)
### (against Averett Family Trust)

20.     Plaintiff refers to paragraphs 1 through 5 and 8 through 10 above and hereby incorporates them as though set forth in full.

21.     The Sale Order provided that Averett Family Trust's disputed lien(s) against the Patents attached to the proceeds to the same extent, and with the same validity and priority, as they attached to the Patents.

22.     Plaintiff alleges that Averett Family Trust's claim of a security interest is unenforceable against the Debtor or the bankruptcy estate, invalid and in any event voidable and subject to the superior rights of a bankruptcy trustee pursuant to Bankruptcy Code §502(b)(1) and §544 and the California Commercial Code and Delaware Commercial Code because Averett Family Trust neither obtained a written grant signed by the Debtor of a security interest describing the Patents, whether duly authorized by the corporation or not, nor did Averett Family Trust file a UCC-1 financing statement in Delaware perfecting such security interest. [Same Code references as in Paragraph 18 above.]

23.     Plaintiff is entitled to an order determining that Averett Family Trust has no lien enforceable against the Debtor or the bankruptcy estate, and avoiding any unperfected lien, preserving it for the benefit of the bankruptcy estate.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
### (For Declaratory Relief, and 11 U.S.C. Sec. 506(c))
### (against all defendants)

24.     Plaintiff refers to paragraphs 1 through 23 above and hereby incorporates them as

PINNACLE LAW GROUP  LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

though set forth in full.

25.     Plaintiff is informed and believes and thereupon alleges that an actual controversy exists between each of the defendants on the one hand, among themselves, and with Plaintiff on the other hand, in that each defendant asserts a lien against the Patent proceeds of sale.

26.     Plaintiff, however, asserts that none of the defendants has a lien enforceable against the Debtor or valid as against a bankruptcy trustee, which could attach to any of the proceeds of sale.

27.     A judicial declaration of the rights and obligations of Plaintiff and each of the defendants with respect to the Patent proceeds is necessary at this time for the proper administration of the bankruptcy estate.

28.     In the event that one or more of the defendants has a lien valid against Plaintiff as bankruptcy trustee, the proceeds securing such lien(s) are subject to being charged under 11 U.S.C. § 506(c) for the costs and expenses of Plaintiff as bankruptcy trustee for the reasonable, necessary costs and expenses of preserving, or disposing of, such property, according to proof. The Trustee has incurred substantial expense in liquidating the Patents, including attorney fees according to proof.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF
### (Objection to Proofs of Secured Claim)

29.     Plaintiff refers to paragraphs 1 through 28 above and hereby incorporates them as though set forth in full.

30.     Plaintiff objects to any and all Proofs of Secured Claim in their entirety, that the defendants have filed or may in the future file, on the grounds set forth above, pursuant to 11 U.S.C. § 502(b)(1) for being unenforceable against the Debtor, pursuant to 11 U.S.C. § 502(d) for being a transferee of an avoidable transfer, and for any other ground according to proof including without limitation late filing, lack of substantiation, and/or exceeding any limitation in 11 U.S.C. § 502(b) on unmatured interest, on claims for services of an insider or attorney of the debtor where the claim exceeds the reasonable value of such services, and/or for termination of an

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

employment contract.

31.     Plaintiff is entitled to judgment disallowing each Proof of Secured Claim or other claim that may be filed, in its entirety.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF
### (Disallowance and Sanctions for Bad Faith)

32.     Plaintiff refers to paragraphs 1 through 31 above and hereby incorporates them as though set forth in full, to the extent applied to each defendant.

33.     Plaintiff has made demand on defendants, and each of them, for the documentation supporting each such creditor's claim of having a security interest.

34.     Defendants, and each of them, have failed and refused to provide any document to Plaintiff that constitutes a written grant of a security interest, duly authorized and signed by the Debtor.  Defendants, and each of them, have nevertheless persisted in claiming a security interest in the proceeds of the Patents.

35.     In the event that defendants, or any of them, have persisted with and continue to persist with a contention that he/she/it has a valid and enforceable security interest in the Patents which is unjustified because defendant(s) lacks a written grant of a security interest, duly authorized and signed by the Debtor, and/or in the event that defendants, or any of them, have withheld from the Plaintiff despite demand its existing written grant of a security interest, duly authorized and signed by the Debtor, such act(s) constitutes an independent ground for disallowance of his/her/its claim to share in the assets of the estate, and as an act in bad faith and an abusive litigation tactic, has caused the bankruptcy estate otherwise avoidable expense.

36.     Plaintiff has incurred and will continue to incur attorney fees according to proof in seeking from defendants their documentation, and in proceeding with this adversary proceeding in the reasonable belief that each of the defendants persists in the claim that he/she/it has a security interest in the proceeds of the Patents, and that none of the defendants possesses a written grant of a security interest, duly authorized and signed by the Debtor.

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

PINNACLE LAW GROUP  LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

# **PRAYER**

A.     For a determination that the purported lien of each defendant is null and void;

B.     For a declaration that each defendant has no security interest in the proceeds of sale of the Patents;

C.     In the event a lien against the Patents is determined valid as against the Plaintiff as Trustee, for a charge against the Patent proceeds for the Trustee's expenses pursuant to 11 U.S.C. § 506(c);

D.     For disallowance of each of the Proofs of Secured Claim or other claim that may be filed;

E.     For an award of sanctions including attorney fees and costs according to proof; and

F.     For such other and further relief as the Court deems appropriate.

Dated: May 21, 2013          PINNACLE LAW GROUP LLP

By:     /s/ Linda Sorensen
          LINDA SORENSEN
          Attorneys for Plaintiff
          PAUL J. MANSDORF, TRUSTEE

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

Case: 12-48131   Doc# 67   Filed: 05/22/13   Entered: 05/22/13 08:54:09   Page 8 of 24

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Northern District of California | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Picongen Wireless, Inc. | Case Number:<br>12-48131 RLE 7 |
|---|---|

2013 JAN -4 AM 10: 58
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Robert O. Groover III | |
|---|---|
| Name and address where notices should be sent:<br>P.O. Box 293748<br>Lewisville, TX 75029-3748<br><br>Telephone number:  (214) 562-5057    email:  groover@technopatents.com | **COURT USE ONLY**<br>❒ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:    email: | ❒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**   $            108,992.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  __Patenting services and fees advanced__
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br> P  C  G  N | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❒Real Estate  ❒Motor Vehicle  ☑Other
**Describe:** Attorney's Lien on Patent Properties / Interest rate pursuant to CCC §3289b

**Value of Property:** $____10,000.00____

**Annual Interest Rate** 10.000% ☑Fixed  or  ❒Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$           33,212.28

**Basis for perfection:**  UCC filing

| Amount of Secured Claim: | $ | 106,756.00 |
|---|---|---|
| Amount Unsecured: | $ | 0.00 |

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❒ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❒ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❒ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❒ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❒ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

**Amount entitled to priority:**

$            2,236.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Exhibit A - page 1 of 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                         (Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Robert O. Groover III
Title:
Company:
Address and telephone number (if different from notice address above):
                                                                    (Signature)                                    (Date)   01/03/2013

Telephone number:                        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Exhibit A - page 2 of 2

# GROOVER & ASSOCIATES

One Galleria Tower, Suite 1950; Box 802889, Dallas TX 75380

**972-980-5840**, FAX -5841; *http://technopatents.com*

Robert O. Groover III (古博天), *Reg'd Patent Atty.*
Malcolm W. Pipes, *Reg'd Patent Atty.*
Jie Tan Ph.D. (谭洁 博士), *Reg'd Patent Atty.*

March 28, 2008

Mr. Dale Kluesing
CEO
Picogen Wireless
1502 Hicks Avenue
San Jose, California 95125

**RE: Terms of Engagement**

Dear Dale:

Thanks for your interest in working with Groover & Associates. The following are our normal terms. Please look them over carefully, since we do not want to undertake representation unless these terms are acceptable to you.

1)    You must understand that patent prosecution is always somewhat uncertain. Even after a search, there is no guarantee that you will actually get a patent, or that your patent will be valuable at all if you do get it.

2)    There are many decisions to be made during patenting, and you will have to make many business judgments as to where to spend your money, and where not to spend it. We will be happy to give you our input, but we can't guarantee that some of your decisions won't look wrong in hindsight. (In fact, you can expect that some **WILL** look wrong in hindsight.)

3)    Specifically, there are many ways to spend additional money following up a patent application, and almost any budget can be exhausted. (For example, corresponding applications can be filed in more than 100 foreign patent offices.) Many of our discussions on which options to pursue or not pursue will be informal, and we may not document instructions not to pursue a particular option.

4)      You understand that we do not claim to be a marketing or technology expert in your field. We will be happy to participate in brainstorming with you, but we cannot provide you with all the information you need to make your business decisions.

5)      If your patents become important and are litigated, it is likely that we would be called to testify as a fact witness (as we often have in the past). In that case, we will require you to pay us for our time, at our then-current or most recent professional rates, regardless of whether or not we are still in an ongoing attorney-client relationship with you or your successors.

6)      We will send you statements every month, and will need to be paid promptly – always before 30 days from statement date.

7)      We may ask you to make payments directly, or to pay money into our trust account, for filing fees, foreign associates, and other disbursements.

8)      Our normal billing rates are $360 per hour for Robert Groover, and less for our other professionals. We will use associate(s) and paralegal(s) to do some of the work for you and bill at their appropriate, lesser rates. We may adjust billing rates at the start of a new calendar year, but not without notice to you.

9)      We both have the right to terminate our relationship at any time. Termination from either side will be required to be in writing. Upon termination of our relationship, we will require payment from you for any billed or accrued time or incurred expenses. Upon receipt of payment, we will then immediately return your files without further charge.

10)     We are not responsible for payment of maintenance fees associated with your patent, should you acquire one. Such ongoing fees are the responsibility of the patent owner. Failure to pay them can (and usually will) result in loss of patent rights.

11)     Our representation will begin only if we have received the signed copy of this agreement and funds of $5,000.00 within 14 days.

12)     All initial retainers must be paid prior to commencement of work. All invoices and requested additional retainers must be timely paid prior to continuation of work. "Timely" means receipt of payment (1) within thirty days of the date of the invoice or (2) five days after request for additional retainer. In the event you or any other person responsible for payment fails to *timely* pay, you agree that we may (1) stop all work on any legal services to be provided to you and (2) withdraw from representation. You further agree to pay us for all outstanding invoices and all legal services performed but not yet invoiced.

Case: 12-48131     Doc# 67     Filed: 05/22/13     Entered: 05/22/13 08:54:09     Page 12 of 24

13) Fees for legal services are calculated on the basis of more than time alone. You realize that reputation, expertise, particular skills in legal matters, the possibility of having to set aside other matters due to urgency of your case, the potential benefit to you and other such factors go into a total determination of such fees. It is understood that we cannot guarantee the outcome or duration of legal services.

14) You understand that we will work to achieve your objective and that all action will be diligently taken. You have been advised that this case could take an extended period of time due to delays beyond our control.

15) It is agreed that you will cooperate with us and keep us advised of all material changes, including changes in address, telephone number, employment, or number of employees affected, family or any other changes which may affect our legal services. You agree to execute applications as required and immediately obtain all documents and information necessary to the successful conclusion of the legal services. You promise to inform us as soon as you receive any communication from the United States Patent and Trademark Office.

16) You agree to keep us advised of facts material to your case, including personal and employment information relating to all individuals affected by our representation. You agree to provide us with truthful and accurate information and documentation. You further agree to avoid material misrepresentations and/or omissions. You guarantee that we will not be provided with false information and documentation. If you do not provide us with truthful and accurate information and documentation concerning the legal services, we will withdraw from representation. We may also withdraw from representation if you do not pay invoices according to the Terms of Engagement.

17) Normally we do <u>not</u> bill for travel expenses in routine patent work, nor for time which is consumed merely by travel. However, in special cases we may advise you that extra travel reimbursement will be needed.

Please call with any questions or comments; there are very good reasons for all these provisions and we will be happy to discuss them with you. However, these terms, once agreed upon, cannot be changed except by mutual agreement in writing.

Of course we will respect your confidential information; even if you choose not to engage us, we will respect the confidentiality of anything you have told us so far.

If these points are all acceptable, please print, sign, and date a hard copy of this letter, and send it back. With best regards,

Very truly yours,

Robert O. Groover III

Approved by: _____

Date: _____

Case: 12-48131    Doc# 67    Filed: 05/22/13    Entered: 05/22/13 08:54:09    Page 14 of 24

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

2145625057

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Groover & Associates PLLC
Box 293748
Lewisville, TX 75029
USA

DOCUMENT NUMBER: 33255780002
FILING NUMBER: 12-7314833789
FILING DATE: 05/24/2012 20:02
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** Picongen Wireless Inc. | | | |

OR

| **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **1c. MAILING ADDRESS** 1502 Hicks Avenue | **CITY** San Jose | **STATE** CA | **POSTAL CODE** 95125 | **COUNTRY** USA |
|---|---|---|---|---|

| **1d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** CA | **1g. ORGANIZATIONAL ID#, if any** ☑ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| **2a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|

OR

| **2b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **2d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| **3a. ORGANIZATION'S NAME** Groover & Associates PLLC | | | |
|---|---|---|---|

OR

| **3b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|
| | | | |

| **3c. MAILING ADDRESS** Box 293748 | **CITY** Lewisville | **STATE** TX | **POSTAL CODE** 75029 | **COUNTRY** USA |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**

Attorney's liens are asserted against the following properties:
US patent application 12/152653, published as 20090100495
US patent application 12/152638, published as 20090074051
US patent application 12/136954, published as 20090009662
US patent application 12/136937, published as 20090006882
US patent application 12/137087, published as 20090002556
PCT patent application PCT/US2008/006182, published as WO/2008/143898
PCT patent application PCT/US2008/066512, published as WO/2008/141341
EPO patent application 08770669, published as EP2183873

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| | Picongen Wireless Inc. |

| OR | **9b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME, SUFFIX** |
|---|---|---|---|
| | | | |

**10. MISCELLANEOUS:**

**DOCUMENT NUMBER:** 33255780002
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | |
|---|---|
| **11a. ORGANIZATION'S NAME** | |

| OR | **11b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|---|
| | | | | |

| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| | | | | |

| **11d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **11e. TYPE OF ORGANIZATION** | **11f. JURISDICTION OF ORGANIZATION** | **11g. ORGANIZATIONAL ID#, if any** |
|---|---|---|---|---|
| | | | | ☐ NONE |

**12.** ☐ **ADDITIONAL SECURED PARTY'S or** ☐ **ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)**

| | |
|---|---|
| **12a. ORGANIZATION'S NAME** | |

| OR | **12b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
|---|---|---|---|---|
| | | | | |

| **12c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| | | | | |

**13. This FINANCING STATEMENT covers** ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14. Description of real estate:**

**16. Additional collateral description:**

EPO patent application 08779620, published as EP2183927

**15. Name and address of RECORD OWNER of above-described real estate (if Debtor does not have a record interest):**

**17. Check only if applicable and check only one box.**
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18. Check only if applicable and check only one box.**
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years
☐ Filed in connection with a Public-Finance Transaction - effective 30 years

**FILING OFFICE COPY**

Exhibit C - page 2 of 4

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

214-562-5057

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Groover & Associates PLLC
P.O. Box 293748
Lewisville, TX 75029
USA

**DOCUMENT NUMBER:** 34880370002
**FILING NUMBER:** 12-7331986787
**FILING DATE:** 10/08/2012 14:55
**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **1a. ORGANIZATION'S NAME** Picongen Wireless, Inc. | | | |
| **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **1c. MAILING ADDRESS** 1502 Hicks | **CITY** San Jose | **STATE** CA | **POSTAL CODE** 95125 | **COUNTRY** USA |

| **1d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** Delaware | **1g. ORGANIZATIONAL ID#, if any** DE4199058 ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | | | |
|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | |
| **2b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |

| **2d. SEE INSTRUCTIONS** | **ADD'L DEBTOR INFO** | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | | | |
|---|---|---|---|
| **3a. ORGANIZATION'S NAME** Groover & Associates PLLC | | | |
| **3b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **3c. MAILING ADDRESS** P.O. Box 293748 | **CITY** Lewisville | **STATE** TX | **POSTAL CODE** 75029 | **COUNTRY** USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Attachment(s)

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]**

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

**FILING OFFICE COPY**

| Attorney Docket # | Patent Application Number | Publication Number |
| --- | --- | --- |
| PCGN-11 | 12/152,653 | US 2009-0100495 |
| PCGN-11PC | PCT/US08/06182 | WO2008143898 |
| PCGN-12A | 12/136,937 | US 2009-0006882 |
| PCGN-12A-PC | PCT/US08/66512 | WO2008141341 |
| PCGN-12B | 12/136,954 | US 2009-0009662 |
| PCGN-12B-PC | PCT/US08/66515 | |
| PCGN-13 | 12/137,087 | US 2009-0002556 |
| PCGN-13-PC | PCT/US08/66530 | |
| PCGN-14 | 12/152,638 | US 2009-0074051 |
| PCGN-14-PC | PCT/US08/06181 | |
| PCGN-11EP | EP2008779620.7 | EP2183873 (A1) |
| PCGN-12AEP | EP2008770669.3 | EP2183927 (A2) |

Exhibit C - page 4 of 4

# PICONGEN

## CONVERTIBLE SECURED BRIDGE LOAN FINANCING
## TERM SHEET

### September 29, 2008

The intent of this document is to describe, for negotiation purposes only, some key terms of the proposed agreement between Picongen Inc. (the "Company") and the investors who will be participating in this convertible secured bridge loan financing (collectively, the "Participating Investors"). A binding agreement will not occur unless and until all necessary corporate approvals have been obtained and the parties have negotiated, approved, executed and delivered the appropriate definitive agreements.

**Amount of Financing:** The Participating Investors will commit to invest up to $20,000, in the form of secured convertible debt (the "Loan"). The Loan will be disbursed on the Closing Date.

Investors and committed amounts:

Edna Jean Averett Living Trust  $20,000.00

**Closing of Loan:** Approximately October 3, 2008 (the date that the Loan actually closes, the "Closing Date").

**Secured Convertible Debt:** The Loan will be made pursuant to a Convertible Loan and Security Agreement (the "Loan Agreement") with, among other things, customary representations, warranties and covenants of the Company and appropriate conditions to closing. The Loan will be evidenced by Convertible Secured Promissory Notes (each, a "Note"), each in form and substance acceptable to the Participating Investors. The Loan will be convertible on the terms described below, and the Loan will be secured by a first priority security interest in all assets of the Company.

**Interest Rate:** 12% per annum on the then outstanding principal amount of the Loan under the Notes, calculated on the basis of a 360 day year and actual days elapsed, accruing from and after the date of each advance during the time the Loan remains outstanding.

**Maturity Date:** The Loan, together with accrued and unpaid interest, will be due and payable in full on the first anniversary of the Closing Date (the "Maturity Date"). The Maturity Date may be extended by the approval of a majority in interest of the Participating Investors. The Loan may be prepaid by the Company following a 10-day advance

written notice to the Participating Investors, during which period the Loan may be converted pursuant to the terms hereof.

**Amendment to Certificate of Incorporation:**    On or prior to the Closing Date, the Company will file an Amended and Restated Certificate of Incorporation (the "Amended Certificate") which will include an increase in the authorized number of shares to accommodate potential issuances of shares as set forth in this Term Sheet.

**Warrants:**    In consideration for entering into the Loan, the Company will provide a Warrant to each of the Participating Investors on the Closing Date to purchase shares of the Series A Preferred Stock, or such other security of the Company as approved by a majority in interest of the Participating Investors. The warrant coverage (percentage of amount of principal invested) is 5% for the first month (or any fraction thereof) of the outstanding principal amount of the Loan, 5% for the second month (or any fraction), and 10% for each month (or any fraction) thereafter up to a maximum of 100% coverage in the aggregate.

**Automatic Conversion of Notes:**    In the event that the Company consummates a Qualified Financing, the Notes (including the entire aggregate principal amount and all accrued and unpaid interest thereon) will be automatically converted (the "Conversion") into shares of Series A Preferred Stock concurrently with such Qualified Financing on a dollar-for-dollar basis at a conversion price equal to the price per share paid in the Qualified Financing, upon the satisfaction of all of the following conditions:

(a) Each and every bridge note then outstanding shall have been converted into capital stock of the Company in accordance with the terms of such bridge note or convertible security;

(b) The Amended Certificate setting forth the rights, preferences and privileges of the Series A Preferred shall have been filed with the Secretary of State of the State of Delaware and become effective;

(c) The Company and the Participating Investors shall have negotiated and drafted documents and instruments in form and substance satisfactory to the Participating Investors to accomplish the Conversion; and

(d) The Company and the Participating Investors shall have executed agreements and instruments covering the issuance of the Series A Preferred in the Conversion that are identical to the documents entered into by other investors in the Qualified Financing.

"Qualified Financing" shall mean the issuance and sale of Series A Preferred that (i) is accomplished as a part of a single plan of financing based upon a single set of stock purchase agreements and ancillary documentation that is executed by the entire group of

Case: 12-48131    Doc# 67    Filed: 05/22/13    Entered: 05/22/13 08:54:09    Page 20 of 24

investors over not more than a one-hundred eighty (180) day subscription period, (ii) is at a price per share that reflects a pre-investment valuation of the Company of at least $10,000,000, and (iii) results in the receipt of at least $500,000 of cash proceeds by the Company (or such lesser amount as may be agreed upon by a majority in interest of the Participating Investors) on or before the date that is twelve (12) months following the Closing Date (which date may be extended upon the approval of a majority in interest of the Participating Investors).

**Optional Conversion:**      The Notes will be convertible at the option of the holders in the following circumstances: If the Notes remain outstanding at any time following the Maturity Date, a majority in interest of the Participating Investors will have the right to cause the conversion of all (but not less than all) of the Notes (including principal amount and accrued interest thereon) into shares of Series A Preferred Stock having the rights, preferences and privileges provided for herein and in the Amended Certificate on a dollar-for-dollar basis at a conversion price per share that reflects a pre-investment valuation of the Company of $4,000,000.

**Certain Covenants:**      At all times prior to the full repayment of the Notes, the Company shall not, without the Participating Investors' prior written consent buy a majority in interest, take any of the following actions: (i) any amendment of the Company's Certificate of Incorporation; (ii) the declaration or payment of a dividend on the Common Stock (other than a dividend payable solely in shares of Common Stock); (iii) the incurrence or maintenance of indebtedness in excess of $2,000,000 at any time outstanding (excluding (A) accounts payable incurred in the ordinary course of business, and (B) the Loan); or (iv) the grant of any security interest in any assets of the Company.

**Defaults Under the Note:**      Events of default under the Notes shall include, without limitation: (a) material breach of any representation, warranty, agreement or covenant with the Participating Investors contained in the Loan Agreement or the Note, (b) the commencement of any voluntary or involuntary bankruptcy or insolvency proceeding, making an assignment for the benefit of creditors or the appointment of a trustee or receiver, and (c) becoming insolvent or generally unable to pay debts as they come due for a period of at least 30 days. Upon any such event, the Participating Investors shall be entitled to accelerate the maturity of the Notes and pursue any and all remedies available to it at law or in equity.

**Confidentiality:**      This term sheet and any related correspondence is to be held in strict confidence and is not to be disclosed to any party (other than counsel to, and the accountants of, the parties) without the prior written approval of the Participating Investors and the Company.

| | |
|---|---|
| **Expenses:** | The Company shall bear its own legal fees and other expenses with respect to the transaction and shall pay for the reasonable fees and disbursements (up to an aggregate maximum of $1,000) of special legal counsel retained by the Participating Investors upon closing. |
| **Expiration Date:** | This term sheet expires at 5:00pm Pacific Time on September 26, 2008, unless accepted in writing by an authorized representative of the Company. |
| **Counterparts:** | This term sheet may be executed in counterparts. |

**THE SUMMARY OF TERMS DOES NOT CONSTITUTE ANY FORM OF BINDING CONTRACT BUT RATHER IS SOLELY FOR THE PURPOSE OF OUTLINING THOSE TERMS PURSUANT TO WHICH DEFINITIVE AGREEMENTS MAY ULTIMATELY BE ENTERED INTO. THE INVESTMENT DESCRIBED IN THIS SUMMARY OF TERMS IS CONTINGENT UPON, AMONG OTHER THINGS, APPROVAL BY THE COMPANY'S BOARD OF DIRECTORS, ALL REQUIRED APPROVALS FROM PARTICIPATING INVESTORS, AND THE NEGOTIATION AND EXECUTION OF A SATISFACTORY PURCHASE AGREEMENT AND RELATED DOCUMENTS.**

*Signature page follows.*

4

Agreed to and accepted:

**PICONGEN INC.**

By: _____

Name: DALE KLUEVING

Title: CEO

Date: 10/1/2008

**PARTICIPATING INVESTOR**

Edna Jean Averett Living Trust
Co-trustee Ruth Donohue

By: _____Ruth Donohue_____

Date: _____9/28/2008_____

*SIGNATURE PAGE TO CONVERTIBLE SECURED BRIDGE LOAN TERM SHEET*

5

Case: 12-48131    Doc# 67    Filed: 05/22/13    Entered: 05/22/13 08:54:09    Page 23 of 24

| Averett Trust | | year | | | | |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| amount | interest rate | | | | | |
| $20,000.00 | 12.00% | | $22,400.00 | $25,088.00 | $28,098.56 | $31,470.39 |