JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133
jkatz@shierkatz.com
Telephone: (415) 895-2895
Facsimile: (415) 520-5879

Attorneys for Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>PICONGEN WIRELESS INC.,<br><br>Debtor. | Case No. 12-48131 RLE 7<br>Chapter 7<br><br>DECLARATION IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH ROBERT O. GROOVER III (ATTORNEY LIEN)<br><br>Date: August 28, 2013<br>Time: 2:00 p.m.<br>Room: 201, Judge Efremsky |

I, Linda Sorensen, hereby declare:

1. I am one of the attorneys for Paul J. Mansdorf, Trustee of the above-named Debtor's bankruptcy estate (the "Trustee"), and I make this declaration in support of the Trustee's motion ("Motion") for an Order authorizing him to enter into a compromise of controversy with Robert O. Groover III ("Groover"), Debtor's patent counsel, resolving Adversary Proceeding No. 13-04110, *Mansdorf v. Groover et al.*, on the terms set forth in the Motion and materially as set forth in the Settlement Agreement attached as Exhibit "A" hereto.

2. In summary, the compromise provides for allowance and payment of Groover's claims as follows: $25,000 as an unsubordinated secured claim to be paid promptly upon the approval of the compromise, and the balance as a secured claim subordinated to allowed administrative expenses and allowed priority claims, but ahead of general unsecured claims until

paid in full. In addition, Groover's $2,236 priority expense of administration will be allowed and paid upon the approval of the compromise. (Groover advanced funds to preserve the patents.)

3. There exists a <u>bona fide</u> and hotly contested dispute between the Trustee and Groover concerning whether Groover's attorney's lien is valid as against a bankruptcy trustee.

4. The background of the matter, as supported by the files of the Court and matters heard by the Court at prior hearings, is as set forth in the Motion.

5. On behalf of the Trustee I was principally responsible for prosecuting Adversary Proceeding No. 13-04110 (the "Lien Action") in order to determine the claims of lien that had been transferred to the proceeds of sale. Dale Kleusing stipulated to a judgment that he had no lien valid against the Trustee. Ruth Donohue on behalf of the Averett Family Trust also stipulated to such a judgment. These have both been entered by the Court as separate judgments in the Lien Action. The proposed compromise allows Groover to be dismissed from the Action, terminating the Action.

6. Groover, representing himself, filed an answer in argumentative form, attaching numerous exhibits. In view of the format of the answer which we considered detrimental to the conduct of the Action, we planned initial motions: (a) that the answer should be stricken for failure to comply with the Federal Rules of Bankruptcy Procedure, and (b) for judgment on the pleadings, because the Trustee considered the possibility that all the matter included in Groover's answer would demonstrate to the Court that there was no defense to the Trustee's complaint and that Groover had no lien valid against a trustee in bankruptcy of his client. The opposing sides to the controversy exchanged substantial authorities and argument on an informal basis, but neither side convinced the other.

7. I conducted many communications with Groover, hoping to convince him that the Trustee's position was correct, or to obtain a compromise. The Trustee upon advice of counsel is informed that Groover would not have agreed to a compromise on terms any less favorable than those proposed herein. Groover felt strongly that he would prevail, and believed that the Court would not reward the "knavery" of the people who obtained his services, including the group who he believed manipulated the failure of Picongen (about which he made previous filings in the

SHIERKATZ RLLP
930 MONTGOMERY ST., FL 6
SAN FRANCISCO, CA
(415) 895-2895

Case and supplemented those filings in his answer to the Trustee's complaint). Groover stated that he was ready to appeal any adverse outcome of the litigation.

8. In the Trustee's view upon advice of counsel, the following were facts in the Trustee's favor in the litigation with Groover: Groover had a written representation agreement with the Debtor that contemplated that the Debtor would pay for patent prosecution services as they were incurred. There was no language granting a lien. Groover explained that the Debtor paid for a while, but then was unable to pay Groover's past invoices or for the remaining services that would be necessary. Groover represented that he was later promised a lien on the patents to secure his already accrued and further services. Groover has presented evidence that such discussions did exist. Groover has not claimed nor presented any evidence that he went through the steps required by the California Rules of Professional Conduct to obtain an interest adverse to his client, instead asserting that he is not bound by California's rules. Groover has not presented a written grant of security, recognizable as such. When Groover unilaterally filed a UCC-1 financing statement, he filed it in California whereas the Debtor is a Delaware corporation.

9. Notwithstanding the Trustee's view of the merits of the litigation, litigation about attorney liens is by no means certain of outcome.

10. While the Trustee faced likely disproportionate costs of the litigation with Groover, the Trustee, upon his own evaluation of the other claims and upon advice of counsel, also faced a quandary if he prevailed against Groover and as a result Groover was allowed a substantial general unsecured claim. The other general unsecured proofs of claim have been filed by insiders, members of the Board of Directors, whose claims may be recharacterized as equity or be subject to other challenges. The Trustee had substantial issues with each of them that would require claim objection litigation. Sai Manapragada (a principal officer in addition to serving on the Board of Directors) filed claims 4-1 and 9-1 for $1,104,000. The others in his Board of Directors group, Messrs. Sahu, Lightfoot, and Moeckel (6-1, 7-1, 8-1) filed claims stating that they had converted to equity interests. Mr. Yempati (5-1) filed as an "investment" with no amount stated. And Debtor's general counsel (and member of its Board of Directors) David E. Bartlett filed a claim for $519,069.00 including for services as far back as 2006. Interestingly,

SHIERKATZ RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

1871.107  3  DECLARATION RE COMPROMISE MOTION

part of Groover's proposed litigation proof was an email from David E. Bartlett confirming that Groover had been promised a lien. [AP 13-04110, ECF #13 page 14, see also page 24.]

11. The litigation over Mr. Manapragada's proof of claim, alone, was likely to be disproportionate with the amount of funds available to general unsecured creditors if the Trustee prevailed against Groover's claim of lien. The file in this Case is full of questionable activities during the Case on his behalf, and serious allegations by others concerning his prepetition actions as a principal officer of Picongen that were adverse to the company's interests.

12. In a choice between the proposed compromise, and instead litigating with Groover to a result, winning the litigation was likely to be a pyrrhic victory, given the entirety of the circumstances.

13. The compromise was arrived at upon arms-length negotiations and without undue influence of any kind. The Trustee's reasons for a compromise favorable to Groover are fully disclosed herein.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information, and belief and that this declaration is executed this 7th day of August, 2013, at Bodega Bay, California.

By: /s/ *Linda Sorensen*
LINDA SORENSEN

1871.107     4     **DECLARATION RE COMPROMISE MOTION**

SHIERKATZ RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

Case: 12-48131    Doc# 75    Filed: 08/07/13    Entered: 08/07/13 10:07:26    Page 4 of 12

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of August 2, 2013, by and among Paul J. Mansdorf, chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Picongen Wireless Inc., Debtor (the "Debtor"), on the one hand, and Robert O. Groover III and Groover & Associates PLLC (collectively "Groover"), on the other hand (each a "Party" and, collectively, the "Parties").

## RECITALS

WHEREAS, on October 3, 2012 (the "Petition Date"), an involuntary petition was filed against the Debtor under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Bankruptcy Court"), Inc. Case No. 12-48131 RLE 7 (the "Bankruptcy Case").

WHEREAS, on October 26, 2012, an order for relief was entered.

WHEREAS, pursuant to orders of the Court the Trustee sold substantially all assets of the bankruptcy estate, including patents, free and clear of Groover's claim of lien in Debtor's patents, with the said lien to attach to the proceeds to the same extent, and with the same validity and priority, as it had attached to the patents.

WHEREAS, Groover filed Proof of Claim No. 1-1 for $106,756 as a prepetition secured claim, and $2,236 as a priority expense of administration (the "Claim").

WHEREAS, on May 22, 2013, the Trustee filed his Complaint to Determine Extent, Priority and Validity of Lien; for Declaratory Relief; and Objection to Proof of Secured Claim, A.P. No. 13-04110 *Mansdorf v. Groover et al.* (the "Adversary Proceeding"), alleging that Groover has no lien valid against the rights and powers of the Trustee on behalf of the bankruptcy estate, and that his claim for unpaid legal services to Debtor is not secured. (The other defendants in the Adversary Proceeding have agreed to stipulated judgments that they have no liens.)

WHEREAS, Groover disputes the Trustee's allegations.

1871.107                                    1                          Settlement Agreement

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which the Trustee and Groover acknowledge, the Parties agree as follows:

## AGREEMENT

1. <u>Settlement Payment.</u>  Subject to satisfaction of the approval condition set forth in paragraph 3 below, on the entry of a final order of the Bankruptcy Court in the Bankruptcy Case authorizing the Trustee to enter into this Agreement, the Trustee shall pay to Groover on account of his Claim the sum of $25,000 cash as an unsubordinated secured claim, and the balance of his prepetition claim shall be treated as a "Subordinated Secured Claim" ahead of general unsecured claims but behind all allowed priority claims including allowed expenses of administration.  At the same time, the Trustee shall pay to Groover the sum of $2,236 in full satisfaction of the expense of administration priority portion of his Claim.   Groover shall receive any further consideration on account of his Subordinated Secured Claim at the time of approval of the Trustee's Final Report, up to the total amount of his Claim.  These distributions shall be made payable to:   Groover & Associates PLLC, Box 293748, Lewisville TX 75029.

2. <u>Dismissal of Adversary Proceeding.</u>  Subject to the satisfaction of the approval condition set forth in paragraph 3 below, the Trustee and Groover will execute the appropriate pleading(s) and cause it to be filed, dismissing the Adversary Proceeding with prejudice as to Groover, each party bearing his or its own costs and attorney fees, and Groover agrees to execute any and all documents necessary or appropriate to effectuate such dismissal.

3. <u>Approval as Condition.</u>  This Agreement is subject to approval by the Bankruptcy Court and the entry of a final order approving the Agreement.  The Trustee will take all appropriate steps to obtain such approval.  Time is of the essence.  If the Court does not approve this Agreement or no final order is entered, the Agreement shall be null and void ab initio.

4. <u>Mutual Releases.</u>  Conditioned on the approval of this Agreement by the Bankruptcy Court as set forth in paragraph 3 above, and except for the obligations created or recognized herein, the Parties agree as follows:

    a. Groover, on behalf of himself or itself and his or its legal successors and

assigns, does hereby release, remise, and discharge the Trustee and the Bankruptcy Estate, and each of them, including but not limited to their respective officers, directors, shareholders, servants, employees, trustees, insurers, agents, representatives, attorneys, accountants, subsidiaries, affiliates, parent corporations, predecessors, successors and assigns, and each of them, from any and all claims, demands, debts, liens, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature, liquidated or unliquidated, contingent or non-contingent, whether known or unknown or suspected or unsuspected by the releasing party, which this same releasing party may have, claim to have, or have at anytime heretofore had or claimed to have had, or that may herafter accrue against any of these released parties, arising out of or related to the filing, prosecution, defense or subject matter included or that could have been included in the Adversary Proceeding..

b. Each of the Trustee and the Bankruptcy Estate, on behalf of himself or itself and his or its legal successors and assigns, does hereby release, remise, and discharge Groover, including but not limited to, its respective officers, directors, shareholders, servants, employees, trustees, insurers, agents, representatives, attorneys, accountants, subsidiaries, affiliates, parent corporations, predecessors, successors and assigns, and each of them, from any and all claims, demands, debts, liens, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature, liquidated or unliquidated, contingent or non-contingent, whether known or unknown or suspected or unsuspected by the releasing party, which this same releasing party may have, claim to have, or have at anytime heretofore had or claimed to have had, or that may herafter accrue against any of these released parties, arising out of or related to the filing, prosecution, defense or subject matter included or that could have been included in the Adversary Proceeding.

1871.107     3     Settlement Agreement

EXHIBIT "A"
Case: 12-48131   Doc# 75   Filed: 08/07/13   Entered: 08/07/13 10:07:26   Page 8 of 12

5. <u>Waiver of California Civil Code § 1542.</u>  With respect to the claims released above, each of Groover, the Trustee, and the Bankruptcy Estate, on behalf of himself or itself and its legal successors and assigns, expressly, knowingly, and intentionally waives any benefit or right under Section 1542 of the California Civil Code, or any other statute or common law principles of similar effect, which Section provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each of Groover, the Trustee, and the Bankruptcy Estate acknowledges that he or it has received independent legal advice from his or its attorneys with respect to waiving the provisions of California Civil Code Section 1542 and any other statute or common law principles of similar effect, and acknowledges that this waiver is a material inducement to and consideration for each Party's execution of the Agreement.

6. <u>Acknowledgment of Opportunity to Investigate.</u>  The Parties to this Agreement acknowledge that they have had an opportunity to undertake an investigation or discovery concerning the facts on which they base their decision to enter into this Agreement.  The Parties each understand and accept the risk that the facts with respect to which this Agreement is executed may later turn out to be other than true or different from the facts they believe to be true.  Subject to the satisfaction of the approval condition set forth in paragraph 3 above, the Agreement shall remain effective despite any such untruth or difference in such facts.

7. <u>Jurisdiction.</u>  Any Party hereto may assert or plead this Agreement as a bar, release, accord and satisfaction, or other defense to any claim however denominated that has been released by this Agreement and asserted by any other Party in any action or proceeding in any court or tribunal with jurisdiction over such claim or the Party and such other Party, and subject to such jurisdiction. Except for the foregoing, the Bankruptcy Court shall have exclusive

1871.107                                       4                              Settlement Agreement

EXHIBIT "A"

Case: 12-48131   Doc# 75   Filed: 08/07/13   Entered: 08/07/13 10:07:26   Page 9 of 12

jurisdiction over all claims and disputes that may arise out of this Agreement.

8. <u>Dispute/Attorney Fees.</u>  In the event of an action to enforce or interpret the terms of this Agreement, the prevailing party (as determined by the court or other comparable authority in any such action) shall be entitled to reasonable attorney fees and costs in addition to any other relief to which the Party may be entitled.

9. <u>Construction.</u>  The Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, when applicable, title 11 of the United States Code, and the decisions construing it.

10. <u>Independent Legal Advice.</u>  Each Party represents that he or it has received independent advice from legal counsel of his or its own choosing with respect to the advisibility of entereing into this Agreement.

11. <u>Fees and Costs.</u>  Each Party shall bear his or its own expenses, including legal fees and costs, incurred in connection with the Adversary Proceeding and the negotiation, preparation, execution, and approval of this Agreement.

12. <u>No Admission.</u>  The Parties agree that this Agreement is a compromise of disputed claims.  Nothing contained in this Agreement shall constitute or be treated or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.

13. <u>Authority to Execute.</u>  Each person who signs this Agreement represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind the Party and all who might claim through it to the terms of this Agreement.

14. <u>No Assignment or Transfer.</u>  The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of the Agreement.

15. <u>No Oral Amendment or Modification.</u>  This Agreement cannot be amended or modified in any respect, except by a written instrument executed by all Parties that is approved

1871.107                                             5                                   Settlement Agreement
EXHIBIT "A"
Case: 12-48131   Doc# 75   Filed: 08/07/13   Entered: 08/07/13 10:07:26   Page 10 of 12

by the Bankruptcy Court.

16. <u>Entire Agreement.</u>  This Agreement contains the entire agreement between the Parties.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.   The recitals section of this Agreement is for informational purposes only and does not constitute an admission by any of the Parties to this Agreement.

17. <u>Cooperative Drafting.</u>  All Parties shall be deemed to have participated in drafting this Agreement and it shall not be construed against any of them.

18. <u>Counterparts.</u>  This Agreement may be executed in counterparts and copies and/or facsimile transmittal signature pages may be used instead of originals.  The executed counterparts shall be construed as and constitute one Agreement that will be binding on the Parties hereto.

19. <u>Cooperation.</u>  The Parties agree to and will cooperate fully with each other in the performance of the Agreement, and will execute such additional agreements, documents, or other instruments, and provide all necessary seals and/or certifications, as may reasonably be required to carry out the terms and intent of the Agreement.  All Parties shall use their best efforts to obtain all necessary orders of the Bankruptcy Court to approve the Agreement and to dismiss the Adversary Proceeding.

IN WITNESS WHEREOF, the Parties hereto have entered into the Agreement, to become effective upon the entry of a final order authorizing it by the Bankruptcy Court in the Bankruptcy Case.

Dated: August 7, 2013                                 _____
                                                     Paul J. Mansdorf, Trustee, on behalf of
                                                     the Trustee and the Bankruptcy Estate



Dated: August 7, 2013                                 _____
                                                     ROBERT O. GROOVER III


                                                     GROOVER & ASSOCIATES PLLC

                                                     By: _____
                                                     Robert O. Groover III
                                                     Its: _____

1871.107                              7                              Settlement Agreement

EXHIBIT "A"